In re James I. HEFNER, Debtor.

COMMANDERS QUARTET, Plaintiff,

v.

James HEFNER, d/b/a Sunshine Talent Agency, Defendant.

Bankruptcy No. 85–2184.
Adv. No. 85–0398.

United States Bankruptcy Court, N.D. Alabama.

Dec. 31, 1986.

James Morton, Birmingham, Ala., for creditor.

Charles Martin, Gadsden, Ala., for debtor.

### MEMORANDUM OPINION

L. CHANDLER WATSON, Jr., Bankruptcy Judge.

The above-styled adversary proceeding is before the Court on the motion of the plaintiff, Commanders Quartet, for summary judgment. After due consideration of the materials submitted in support of said motion, the Court finds that the motion is due to be denied. The relevant facts are as follows:

1. On June 25, 1979, the plaintiff filed a complaint against the defendant in the Circuit Court of Jefferson County, Alabama.

2. The complaint contained three counts. Count one contained allegations of fraud; counts two and three, which were based on the same transaction as count one, contained allegations of negligence and breach of contract.

3. On May 22, 1984, a judgment by consent was entered in favor of the plaintiff and against the defendant in the state court action.

4. The docket sheet in the state court action is the only evidence before the present court as to the judgment entered therein; the judgment was general in that it was not rested upon any particular count in the complaint.

5. On April 8, 1985, the defendant filed a petition for relief pursuant to title 11, United States Code, chapter 7.

6. On June 18, 1985, the plaintiff filed a complaint with the clerk of this Court requesting the Court to find that the judgment entered in the state court action is a nondischargeable debt pursuant to the provisions of 11 U.S.C. § 523.

7. The plaintiff moved the Court for summary judgment in its favor on the issue of dischargeability of the debt.

Although neither the original nor the amended complaint filed in this proceeding is specific, the plaintiff apparently is alleging that the judgment entered in the state court action is a nondischargeable debt by virtue of the provisions of 11 U.S.C. § 523(a)(2)(A). That section excepts from the discharge of an individual debtor any debt "for money, property, [or] services ... to the extent obtained by false pretenses, a false representation, or actual fraud ...". 11 U.S.C. § 523(a)(2)(A).

In support of its motion, plaintiff relies entirely on the pleadings in this proceeding, certified copies of the docket sheet from the state court action and the complaint filed in that action, and the holding in *Pridgen v. Head*, 282 Ala. 193, 210 So.2d 426 (1968).

In *Pridgen*, a judgment had been entered in the Circuit Court of Coffee County, Alabama, against the debtor and in favor of Mrs. Head prior to the filing of the debtor's bankruptcy petition. Mrs. Head's complaint contained two counts, one alleging negligence and the other alleging wanton injury. Although the judgment entered against the debtor was not specifically directed to either count of the complaint, the Court found that the judgment amounted to a debt incurred "willfully and maliciously," within the meaning of § 17 of the

former Bankruptcy Act, and thus was not affected by the debtor's discharge in bankruptcy.

The *Pridgen* case, *supra,* however, is not binding authority. That case was decided in 1968, when questions as to the dischargeability of debts reduced to judgment were left to the court in which such judgments were entered. However, dischargeability questions arising under 11 U.S.C. § 523(a)(2)(A) are now within the exclusive jurisdiction of the bankruptcy court. *See,* 11 U.S.C. § 523(c); *Brown v. Felsen,* 442 U.S. 127, 130, 99 S.Ct. 2205, 2208, 60 L.Ed.2d 767 (1979), and I Norton *Bankr. Law and Prac.* (Callaghan) § 27.72. Additionally, the Supreme Court has urged bankruptcy courts to make their own determinations as to whether debts previously reduced to judgment are nondischargeable as the result of the debtors's fraud, instead of strictly adhering to the judgment in the previous action. *Brown v. Felsen,* 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979).[1]

A creditor alleging nondischargeability of a debt bears the burden of proving, by clear and convincing evidence, each essential element of the statutory exception to discharge upon which he relies. *Zeunert v. Brink,* 27 B.R. 377 (Bankr.W.D. Wis.1983). Exceptions to discharge are to be strictly construed in favor of the debtor, and when nondischargeability is alleged on the basis of 11 U.S.C. § 523(a)(2)(A), there is presumption against fraud which must be overcome by the creditor. *See, Muldrew v. Thompson,* 56 B.R. 460, 464 (Bankr.N.D.Ala.1985); *Cash v. Armstrong,* 54 B.R. 399, 405 (Bankr.N.D.Ala.1985).

In order to warrant a finding that a debt is nondischargeable under the provisions of 11 U.S.C. § 523(a)(2)(A), the creditor must prove, and the Court must find that the debtor made false representations of material facts, with knowledge of their falsity or with reckless disregard for their truth, having the intent to deceive the cred-

itor, and that the creditor relied on the representations to his or her detriment. *Id.* at 404. In the present case, the materials submitted by the plaintiff in support of its motion for summary judgment show only that the state court judgment is based on the consent of the debtor. There is no evidence to support a finding of the fraud required by 11 U.S.C. § 523(a)(2)(A) to except the debt from the debtor's discharge. The plaintiff's motion for summary judgment is therefore due to be denied, as material facts remain to be proved.

### Order

In view of the foregoing, it is ORDERED by the Court that the motion of the plaintiff for summary judgment is denied, and that a copy of this order shall be sent through the United States mails to each of the following (which shall be sufficient service and notice hereof): the debtor, the debtor's attorney, the plaintiff's attorney, the trustee, and the United States trustee.

---

1. The Court further held that res judicata does not prohibit the parties from litigating issues of fraud in the bankruptcy court, for the purpose of determining the dischargeability of a debt reduced to judgment, although the issues could have been litigated in the action from which the judgment arose. *Id.* at 136–139, 99 S.Ct. at 2211–2213.