### In re STUART GLASS & MIRROR, INC., Debtor.

**Bankruptcy No. 85–02765–BKC–TCB.**

United States Bankruptcy Court,
S.D. Florida.

Feb. 25, 1987.

Samuel L. Heller, P.A., Fort Lauderdale, Fla., for debtor.

**ORDER DENYING REHEARING**

THOMAS C. BRITTON, Chief Judge.

The debtor's timely motion for rehearing (C.P. No. 84) addressed to the January 20 Order Denying Confirmation and Dismissing Case (C.P. No. 81) was heard February 10. The motion is denied.

■ Movant argues that two ballots from parties who had not filed proofs of claim should have been counted because the debtor *now* wishes to withdraw its denial of those claims. The creditor election on this plan was held December 2, the date set for the confirmation hearing and the deadline set for the filing of creditor acceptances and rejections. The purpose and integrity of the election would be defeated if either the debtor or any creditor were at liberty to alter the tally after the election. The clerk's certification that this plan was rejected as of the date set for the tally of the vote has been reviewed by this court. It is accurate and the debtor has presented no valid argument or evidence to contradict that finding.

The debtor disputes this court's finding that the plan did not provide adequate means for the plan's implementation. The only means specified in the plan was the collection "through litigation" of a substantial amount of disputed accounts receivable. Art. 4(2).

The debtor does not dispute the facts related in this court's discussion, but argues that it was never afforded a hearing at which it had an opportunity to present evidence in support of its plan and now wishes to show an alternative means for the plan's execution. I disagree.

■ As is required in 11 U.S.C. § 1128(a), a confirmation hearing was scheduled and held on December 2. It is the debtor's burden to prove entitlement to confirmation under § 1129. It was afforded an opportunity December 2 to offer any proof or argument necessary to supplement the record then before the court. It offered neither. Its plan was, therefore, appropriately tested by the record then before the court, not the record that the debtor now wishes to make.

■ Furthermore, the point at issue is whether the *plan* provides adequate means for the plan's execution, as required by § 1123(a)(5), not whether alternative means might or might not be available. This plan was properly tested by the court with respect to the means specified in this plan.

■ The debtor next argues that the court was obligated to conduct a separate hearing and receive evidence as to whether it would be in the best interest of creditors to convert this case to chapter 7 rather than dismiss the case as was ordered by the court. I again disagree.

The order scheduling confirmation hearing gave specific notice that this court would consider dismissal of this case or conversion to a chapter 7 liquidation at the confirmation hearing. (C.P. No. 61). The debtor was afforded an opportunity at that hearing to request conversion if confirmation were denied. It did not do so nor did any other party. There is no basis for the debtor's contention that it is now entitled to a separate hearing on that issue.

■ In its motion, the debtor states that it would testify that the present value of its assets is sufficient to provide a surplus for distribution to unsecured creditors and this court should appoint a trustee to accomplish that purpose. However, at the hearing held on this motion, the only testimony offered by this debtor was to the contrary:

> "Q. So, in other words, all of the monies that would be realized upon liquidation would be used to satisfy the first mortgage and pay administrative expenses and priority taxes; is that correct?
>
> A. Yes, I think that is the order of payoff, yes, that would be correct." (C.P. No. 88 at p. 19.)

No creditor has requested conversion and I see no reason to burden the creditors with the expense and delay of a chapter 7 liquidation.

■ Finally, the debtor objects to the provision in this court's Order specifying that dismissal is with prejudice to the filing of any bankruptcy proceeding by this debtor earlier than two years after the court's Order becomes final. The debtor argues that "there is no provision in the Bankruptcy Code or in the Bankruptcy Rules that sanctions a provision of this nature". I do not agree.

Section 105(a) grants this court discretion to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title". It is both necessary and appropriate that this court prevent a dismissed debtor from immediately refiling another petition and thereby obtaining the benefit of the statutory automatic stay (§ 362) and imposing upon its creditors and the court the expense and delay of another reorganization proceeding when it has already been afforded one such opportunity. The debtor has not suggested that a two year restriction in this instance is unreasonable. There is no provision in the Bankruptcy Code or Bankruptcy Rules which prohibits such an exercise of this court's discretion. *In re Collins*, No. 82–867 CIV–CA (S.D.Fla. Sept. 30, 1982) (unpublished opinion District Court affirming dismissal with prejudice); *In re Sando*, 30 B.R. 474, 476 (E.D.Pa.1983) (District Court affirmance of dismissal with prejudice); *In re Caslowitz*, 14 B.R. 188, 189 (Bankr.D.R.I.1981).

■ It is an unstated premise of this debtor's motion that the court may not evaluate and reject the debtor's plan or dismiss the debtor from the protection of this court without first specifying the basis for its judgment and then affording the debtor an opportunity to offer additional argument or evidence in support of its plan. This premise is based upon no provision of the Code or the Rules. The Code specifies in detail the required and permitted contents of a plan (§ 1123) and the essential requirements for confirmation (§ 1129). It requires the holding of a confirmation hearing, and permits confirmation if, but only if, the plan complies with those requirements. The burden is placed upon the debtor to establish at or before the confirmation hearing that it has met those requirements. The burden is not placed upon the court to demonstrate after notice and a hearing that the debtor has

failed to do so. The court's responsibility is to determine by the exercise of its reasonable judgment and discretion whether the debtor has met its burden and that responsibility is not excused by creditor inactivity.

Each judge of this court must currently assess and dispose an average of ten chapter 11 reorganizations a month. Federal Judicial Workload Statistics, March, 1986, Table F–2. These cases represent less than 10% of the court's total workload. It would be quite impossible for this court to discharge this responsibility if it were required to hold multiple hearings with respect to each reorganization, permitting each debtor multiple elections upon multiple plans upon an evidentiary base which could be supplemented whenever the debtor elects. This debtor's assumption that it has each of the options as a matter of right is neither supported by the statute, case law nor common sense.

I have extended the foregoing discussion for two reasons. As is frequently the situation, the creditors affected by this bankruptcy have not engaged counsel to participate in this case. I am convinced that they are unwilling to throw good money after the losses they have already experienced. They rely upon this court's judgment and discretion. Therefore, this debtor's appeal would almost certainly be unopposed and a reviewing court should have an explanation for the trial court's ruling.

Secondly, this motion for rehearing was held while I was recuperating from an operation and with the debtor's consent, the matter was submitted to me upon the record. (C.P. No. 88 at p. 6). For that reason, this court's explanation could not be made on the record at the hearing.