**AMERICAN HONDA FINANCE CORPORATION, Appellant,**

v.

**Robert Ernest LODER, Appellee.**

No. 2C 86–3143.

United States District Court, N.D. Iowa, C.D.

Aug. 20, 1987.

Kevin Abel, Des Moines, Iowa, for American Honda Finance Corp.

David Opheim, Fort Dodge, Iowa, for Loder.

## ORDER

DONALD E. O'BRIEN, Chief Judge.

This matter is before the Court on American Honda Finance Corporation's (AHFC) appeal from the bankruptcy court's decision granting Loder's discharge in bankruptcy of debts owed to AHFC. A hearing was held on May 26, 1987. After careful consideration of the parties' briefs and arguments, the court affirms the bankruptcy court's decision.

### Facts

Appellee Robert Loder owns Loder Motors, a motorcycle dealership in Fort Dodge. He arranged for floor-plan financing with appellant, AHFC. Loder signed a security agreement which required him to pay AHFC the debt attributable to each unit of inventory when that unit was sold to a customer. He was also required to hold the proceeds of sold collateral in trust for AHFC. On February 10, 1985, AHFC audited Loder's records and discovered missing inventory for which it had received no payment. Loder wrote two checks to AHFC for $21,656.00 total. On February 15, 1983, AHFC representatives arrived to repossess Loder's remaining collateral. Loder asked the AHFC officials to leave the premises and went to his bank and withdrew $19,800.00. The checks written on February 10 to AHFC were still outstanding, and the balance in Loder's account on February 15 was $2,687.00, which would not have covered them if presented.

On February 16, 1983, AHFC representatives returned, and Loder permitted repossession of all but two of his most expensive items of inventory. Loder purchased these two items with the $19,800.00 he had withdrawn from his account. On February 18, 1983, the checks Loder wrote on the 10th were returned for insufficient funds. Loder arranged for new financing through his local bank to replenish his inventory. AHFC sued Loder in state court for the 42 missing items of inventory. The day before trial in the state court action, Loder filed bankruptcy. AHFC filed an adversary proceeding in bankruptcy court seeking to determine dischargeability of the debt owed by Loder.

AHFC argued that Loder's debt was nondischargeable pursuant to 11 U.S.C. § 523(a)(6). That statute prevents discharge of a debt "for willful and malicious injury by the debtor to another entity or to the property of another entity." Judge Melloy held that while Mr. Loder's conversion of AHFC's property was willful, it was not malicious, and granted Loder a discharge of his debt to AHFC.

### Discussion

This court may not overturn a bankruptcy court's findings of fact unless they are clearly erroneous. *Martin v. United States*, 761 F.2d 472, 474 (8th Cir.1985). However, its conclusions of law are subject to *de novo* review. *Id.* AHFC claims that Judge Melloy committed two errors.

First, AHFC contends that Judge Melloy erroneously applied a clear-and-convincing-evidence standard. A creditor asserting nondischargeability has the burden of proof. Judge Melloy applied a clear-and-convincing burden of proof, and AHFC contends that he should have applied a preponderance-of-the-evidence standard. Judge Melloy relied on his decision in *In re Holtz*, 62 B.R. 782, 785 (N.D.Iowa 1986), in applying the clear-and-convincing standard. Judge Thinnes also applied a clear-and-convincing standard in *In re Bothwell*, 32 B.R. 617, 618 (N.D.Iowa 1983). *See also In re Simpson*, 29 B.R. 202, 209 (N.D. Iowa 1983). The Eighth Circuit has also applied this standard in *In re Mutschler*, No. 85-5198 (8th Cir. April 22, 1987), slip op at 3–4 [822 F.2d 1093] (TABLE). While *Mutschler* involved material misrepresentations in a financial statement under 11 U.S.C. § 523(a)(2)(B), § 523(a)(6), which is con-

cerned in the instant appeal, is sufficiently similar, as it prohibits discharge for "willful and malicious" injury by the debtor.

■ AHFC cites *In re Clark,* 50 B.R. 122, 125 (D.N.D.1985), where Judge Hill applied a preponderance-of-the-evidence standard. However, this court finds that the greater weight of authority in the Northern District of Iowa requires application of the clear-and-convincing standard. Exceptions to discharge must be strictly construed against creditors and in favor of debtors. *In re Holtz, supra* 62 B.R. at 785; *In re Simpson, supra* 29 B.R. at 210. The court finds that this premise is better served by application of the stricter clear-and-convincing standard. Therefore, this court affirms Judge Melloy's use of the clear-and-convincing burden of proof.

The second error alleged by AHFC is that Judge Melloy erred in applying § 523(a)(6)'s "maliciousness" standard enunciated by the Eighth Circuit in *In re Long,* 774 F.2d 875 (8th Cir.1985). The *Long* court held that:

> We are convinced that if malice, as it is used in § 523(a)(6), is to have any meaning independent of willful it must apply only to conduct more culpable than that which is in reckless disregard of creditors' economic interests and expectancies, as distinguished from mere legal rights. Moreover, knowledge that legal rights are being violated is insufficient to establish malice, absent some additional "aggravated circumstances", under *Davis* and its recent progeny.

*Id.* at 881. The Eighth Circuit further stated that the likelihood of harm in an objective sense may be considered in evaluating intent. *Id.*

■ In the instant case, Judge Melloy recognized the *Long* test and found that a technical conversion had occurred. However, after having heard the testimony, Judge Melloy found that the facts did not clearly and convincingly establish Loder's malicious intent. He noted that Loder had testified he believed he had sufficient funds to pay the two checks and that the later discovery that Loder had insufficient funds

did not establish that Loder did not intend to pay AHFC.

The court finds that whether Loder's conduct was malicious was a question of fact for Judge Melloy. As stated before, this court may not overturn a bankruptcy judge's factual findings unless clearly erroneous. *Martin v. United States, supra,* 761 F.2d at 474. While this court believes as Judge Melloy stated, that Loder tested the outer bounds of his fresh start, it was Judge Melloy who heard the evidence and evaluated the witnesses' credibility. Even though this court may have ruled differently had it heard this matter initially, it is bound to uphold Judge Melloy's findings on this second appeal issue, as they were not clearly erroneous.

IT IS THEREFORE ORDERED that Judge Melloy's decision granting Appellee Loder's discharge in bankruptcy is hereby affirmed.

IT IS FURTHER ORDERED that this bankruptcy appeal is hereby dismissed.