**In re Gary LESHER and Janet Lesher.**

**AVCO FINANCIAL SERVICES, Plaintiff,**

v.

**Gary LESHER and Janet Lesher, Defendants.**

Bankruptcy No. JO 87–142 S.
Adv. No. 87–426.

United States Bankruptcy Court,
E.D. Arkansas,
Jonesboro Division.

Nov. 24, 1987.

Martha Gilpatrick, Jonesboro, Ark., for debtors.

Ralph Waddell, Jonesboro, Ark., for AVCO.

Warren Dupwe, Jonesboro, Ark., trustee.

## MEMORANDUM OPINION

MARY DAVIES SCOTT, Bankruptcy Judge.

Now before the Court is a Complaint Objecting to Dischargeability pursuant to 11 U.S.C. § 523(a)(2)(B) filed by AVCO Financial Services (AVCO) in this Chapter 7 case. The matter came on for hearing November 9, 1987. The debtors appeared personally and by counsel, Martha Gilpatrick. AVCO appeared by counsel, Ralph Waddell, Esq., and the Trustee appeared *pro se.*

This Court has jurisdiction over the case pursuant to 28 U.S.C. § 157. Moreover, the Court finds that it is a "core matter" within the meaning of 28 U.S.C. § 157(b)(1) as exemplified in 28 U.S.C. § 157(b)(2)(I).

AVCO asserted that the debtors, in order to induce AVCO to make a loan to them, executed a false "Statement of Indebtedness" in which they purported to list all of their outstanding debts. AVCO contends they relied upon this Statement in deciding to loan the debtors money. They assert that the debtors failed to list over $23,-000.00 worth of debts owed by separate co-debtor, Janet Lesher, for student loans. Finally, they contend that because the debtors falsely represented their total debts when applying for a loan from AVCO and AVCO relied upon this, that pursuant to 11 U.S.C. § 523(a)(2)(B) the debt should be excepted from discharge.

The debtors, in their answer admit that they failed to list the student loans on the AVCO "Statement of Indebtedness." They also admit in their Answer that AVCO relied upon this document in approving a loan to them. The debtors' defense to the Complaint that the debt should be excepted from discharge is that they did not intentionally give AVCO a false financial statement. Both debtors testified that Mr. Lesher had originally filled out the joint application for a loan from AVCO. Although he admitted he knew of the student loans his wife owed, he claimed he forgot because he and Mrs. Lesher had only recently married and that Mrs. Lesher took care of paying the couple's bills. Mrs. Lesher's testimony was to the same effect. She further testified that she went to the AVCO offices the day after her husband filled out the application in order to sign the joint application. Her testimony was to the effect that she just hurriedly reviewed the document, signed it, and also forgot about the student loans.

The question presented to the Court is whether or not the facts adduced at trial demonstrate, by a clear and convincing standard of evidence, that the debtors obtained money, property, credit or services by the use of a materially false statement, in writing, respecting the debtors' financial condition, made by the debtors with the intent to deceive, and upon which the Plaintiff reasonably relied in advancing the debtors loan funds.

After reviewing the file, hearing statements of counsel as well as all the testimony, the Court, for the reasons set out hereinafter, finds that the debt owed to AVCO should not be discharged in these Chapter 7 proceedings.

## DISCUSSION

Section 523 of the Bankruptcy Code provides that a discharge under Section 727 of Title 11 does not discharge certain debts. It then sets out certain types of debts that are excepted. The bank brought this action pursuant to subsection (a)(2)(B) of Section 523. Debts for money, property, services, or an extension, renewal or refinancing of credit, to the extent obtained by the use of a statement in writing, that is materially false, respecting the debtor's financial condition, on which the creditor to whom the debtor is liable for such money, property, services or credit reasonably relied and that the debtor caused to be made or published with the intent to deceive are not discharged.

The burden of proof in demonstrating that the debt owed falls within the statutory exception to discharge is on the creditor. *Matter of Campbell,* 74 B.R. 805 (Bk.M.D.Fla.1987); *In re Salamone,* 71 B.R. 69 (Bkrptcy E.D.Pa.1987); *In re Howard,* 73 B.R. 694 (Bk.N.D.Ind.1987); *In re Magnusson,* 14 B.R. 662 (Bk.E.D.N.Y. 1981). The creditor must prove its case by a clear and convincing standard of evidence. *In re Tilbury,* 74 B.R. 73 (Bkrptcy. 9th Cir. BAP (Cal.) 1987); *In re Bonnett,* 73 B.R. 715 (Bk.C.D.Ill.1987); *In re Gallagher,* 72 B.R. 830 (Bk.N.D.Ind.1987).

In establishing a prima facie case for determining the dischargeability of a debt under the provision quoted above, the creditor must prove that the debtor (1) obtained money, property, credit or services by the use of a materially false statement, (2) in writing, (3) respecting the debtor's financial condition, (4) made with the intent to deceive and (5) reasonably relied upon by the creditor to advance the money property, credit or services. 11 U.S.C. § 523(a)(2)(B).

In this case, there is no question that the debtors obtained money from AVCO by the use of a materially false statement in writing respecting the debtors' financial condition and that AVCO relied upon this statement in loaning them money. Here the debtors admit that in applying for a loan from AVCO, they submitted to AVCO a written financial statement omitting approximately $23,000 in liabilities. They listed as liabilities an amount totaling approximately $6,000. The Court finds that this omission is one which is materially false or a substantial untruth of the type which would normally affect a decision to grant credit. *In re Iverson,* 66

B.R. 219 (Bk.D.Utah 1986). See, also, *In re Anzman,* 73 B.R. 156 (Bk.D.Colo.1986), wherein the Court held that a materially false statement can be premised either upon inclusion of false information or upon omission of information. Clearly, omitting almost 80% of one's liabilities from a financial statement is a substantial untruth. The debtors also admit that the creditor relied upon this written statement in deciding to loan them money.

The only question remaining, then, is whether the false financial statement was submitted to AVCO with the intent to deceive the creditor. Apparently the debtors would have the Court believe that the haphazard and cavalier way in which they handled this financial transaction could render their conduct unintentional. The Court does not agree. Both debtors admit they knew the $23,000 worth of obligations existed. See *In re Bossard,* 74 B.R. 730 (Bk.N.D.N.Y.1987). But they claim inadvertence, that they forgot, that they did not intend to deceive the creditor.

Intent can be inferred either from the circumstances or the debtor's conduct. *In re Icsman,* 64 B.R. 58 (Bk.N.D.Ohio 1986). In fact, that is generally the only way the fact finder can make this finding given that the accused party generally will always testify in his or her own defense that he or she did not *intend* to deceive the lender. The Bankruptcy Code does not require direct proof of fraudulent intent in order to render nondischargeable a debt. Such intent may be inferred from surrounding circumstances and it is sufficient to show that the false statement was rendered with reckless indifference and disregard of actual facts. *In re Lambert,* 64 B.R. 170 (Bk.E.D.Tenn.1986); *In re Harmer,* 61 B.R. 1 (Bk.D.Utah 1984). Here the Court observes a well educated (at least $23,000.00 was expended toward her education) defendant who would have the Court believe that she hurriedly read and signed an incomplete loan application forgetting student loans totaling almost four times the amount of the couple's itemized liabilities. The other co-debtor admits he knew about the loans but "forgot" them.

Testimony by both the debtors is not credible.

Accordingly, it is hereby

ORDERED that the Objection to the dischargeability of the debt owed to AVCO Financial Service on the amount of $2,144.08 be and hereby is sustained.

IT IS SO ORDERED.