In re Albert J. STOWELL and Sarah K. Stowell, Debtors.

Benito CARDENAS and Maria de Jesus Maldonado, Plaintiffs,

v.

Albert J. STOWELL and Sarah K. Stowell, Defendants.

Bankruptcy No. 88–11334.
Adv. No. 88–1126.

United States Bankruptcy Court,
W.D. Texas,
Austin Division.

July 6, 1989.

---

Dale Ossip Johnson, Bearden & Johnson, P.C., Austin, Tex., for defendants.

Harvey D. Caughey, Austin, Tex., for plaintiff-creditor.

## MEMORANDUM OPINION

LARRY E. KELLY, Chief Judge.

In this adversary proceeding, plaintiffs, Benito Cardenas and Maria de Jesus Maldonado seek a determination that a debt owed to them by the debtor, Albert J. Stowell is not dischargeable in his bankruptcy case. Plaintiffs allege that this debt, based on a judgment against Albert J. Stowell rendered by the 201st District Court of Travis County, Texas in Cause No. 388, 917 on December 17, 1987, is non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A) (i.e., false pretenses, a false representation, actual fraud), 11 U.S.C. § 523(a)(6) (i.e., willful and malicious injury); and 28 U.S.C. § 1738 (full faith and credit clause).

The Court has jurisdiction over this core proceeding pursuant to 28 U.S.C. § 157(b), subsections (1) and (2)(I).

The Court has reviewed the motions, exhibits and briefs submitted to it, and has considered the arguments of counsel.

## BACKGROUND

Defendant Sarah Kay Stowell is the wife of Defendant Albert J. Stowell. She was not a party defendant in the underlying state court judgment at issue. Albert J. Stowell is a real estate agent and the owner of a tract of improved real estate which he sold to Plaintiffs. The debt which Plaintiffs seek to prove to be non-dischargeable is the result of a state court judgment which found that Mr. Stowell sold a house to the Plaintiffs which he knew to be uninhabitable. The state court judgment specifically found that:

1. On or about January 25, 1985 Mr. Stowell and Plaintiffs entered into a contract for deed for a house known locally as 2208 Haskell Street, Austin, Texas.

2. Plaintiffs were native-born citizens of Mexico who could not speak, read or write English and who were unsophisticated in matters of real estate.

3. Mr. Stowell knew that the house he was selling to Plaintiffs had been condemned by the City of Austin and declared uninhabitable.

4. Mr. Stowell represented to Plaintiffs that the house was in good repair and that the fair market value of the house was in excess of $37,000.00.

5. These representations were false and Mr. Stowell knew they were false when he made them.

6. Plaintiffs relied on these misrepresentations and acted upon them to their detriment in that they (i) paid $7,000.00 for the house, (ii) paid $3,000.00 for repairs and (iii) were never able to occupy the house but had to return it to Mr. Stowell when they could not make the house habitable to the satisfaction of City of Austin inspectors.

By their Motion for Summary Judgment in this Court, Plaintiffs seek a judgment that Mr. Stowell's debt to them is non-dischargeable based on the res judicata or collateral estoppel effect of the state court judgment.

## ISSUES PRESENTED

1. Whether a state court judgment has res judicata (i.e., claim preclusive) effect in a dischargeability action in federal bankruptcy court.

2. Whether the state or the federal test for collateral estoppel (i.e., issue preclusion) should be applied.

3. Whether the elements of the appropriate test are met in this case so that the state court judgment in this case has *issue* preclusive effect in a dischargeability action in federal bankruptcy court.

4. If the state court judgment is given issue preclusive effect on the question of actual fraud *or* the question of willful and malicious injury, whether Plaintiffs are therefore entitled to summary judgment on the ultimate question of whether the debt owed to them by Mr. Stowell is non-dischargeable.

## DISCUSSION

### I. *Res Judicata*

1.01 Plaintiffs argue that this Court is bound by principles of res judicata to find that Mr. Stowell's actions found by the state court to have amounted to actual fraud and malicious injury, result in a non-dischargeable debt pursuant to 11 U.S.C. § 523(a)(2) and (4). This argument is easily disposed of. Res judicata applies only when an attempt is made to twice litigate the same *claim*. *Montana v. United States*, 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979). The claim litigated in state court was based on common law fraud principles and the Texas Deceptive Trade Practices Act. The claim being litigated in this Adversary Proceeding arises under federal law and will determine the question of whether the debt owed by Mr. Stowell to the Plaintiffs can be discharged in the joint bankruptcy proceeding of Defendants, Albert J. Stowell and Sarah K. Stowell. These are patently not the same claim.

1.02 Further, the U.S. Supreme Court has clearly held in a case in which the res judicata effect of a pre-petition state court judgment was urged in a dischargeability suit before a bankruptcy court:

> ... [W]e reject respondent's contention that res judicata applies here and we hold that the bankruptcy court is not confined to a review of the judgment and record in the prior state court proceedings when considering the dischargeability of respondent's debt.

*Brown v. Felsen,* 442 U.S. 127, 140, 99 S.Ct. 2205, 2213, 60 L.Ed.2d 767 (1984).

### II. *State or Federal Standards of Issue Preclusion*

2.01 In *Brown v. Felsen* the Supreme Court declined to address the question of whether issue preclusion might apply in bankruptcy dischargeability suits. Following that decision several of the Circuits have addressed that question. The Ninth Circuit has held that in appropriate circumstances, a prior judgment may be prima facie evidence of the facts found therein but will never be granted issue preclusive

effect. *In re Rahm,* 641 F.2d 755, 757 (9th Cir.1981), *cert. denied,* 454 U.S. 860, 102 S.Ct. 313, 70 L.Ed.2d 157 (1981). Other circuits have found that issue preclusion may be appropriate in some circumstances. *See e.g., Spilman v. Harley,* 656 F.2d 224, 227–28 (6th Cir.1981); *Matter of Shuler,* 722 F.2d 1253 (5th Cir.1984); *Matter of Allman,* 735 F.2d 863 (5th Cir.1984); *Matter of Poston,* 735 F.2d 866 (5th Cir.1984).

2.02   Each of these cases, without analysis or discussion, applies the federal test for issue preclusion.

2.03   The federal test for issue preclusion as expressed in *Spilman v. Harley* is "... the precise issue in the later proceeding [was] raised in the prior proceeding, ... the issue was actually litigated, and ... the determination was necessary to the outcome." *Spilman v. Harley,* 656 F.2d 224 (6th Cir.1981).

2.04   Citing *Spilman v. Harley,* the Fifth Circuit applied the same test in *Shuler, Allman* and *Poston.*

2.05   Use of the federal test for issue preclusion in dischargeability cases has recently been questioned by several bankruptcy courts. *See e.g., In re Wagner,* 79 B.R. 1016 (Bankr.W.D.Wis.1987); *In re Manuel,* 76 B.R. 105 (Bankr.E.D.Mich. 1987); *In re All American of Ashburn, Inc.,* 56 B.R. 186 (Bankr.N.D.Ga.1986); *In re Eadie,* 51 B.R. 890 (Bankr.E.D.Mich. 1985); *In re Byard,* 47 B.R. 700 (Bankr.M.D.Tenn.1985).

2.06   As stated in the leading case of *In re Byard,* the principles of "full faith and credit" which, pursuant to 28 U.S.C. § 1738, require a federal court to give the decisions of state courts the same full faith and credit as they have by law or usage in the courts of each state, have undergone intensive re-examination and clarification by the U.S. Supreme Court. In a series of cases, the Supreme Court has expressed and clarified its position that 28 U.S.C. § 1728 requires a federal court to "give to a state court judgment *the same* preclusive effect as would be given that judgment under the law of the state in which the judgment was rendered." *Migra v. Warren City School District Board of Edu-*

*cation,* 465 U.S. 75, 81, 104 S.Ct. 892, 896, 79 L.Ed.2d 56, 63 (1984).  (emphasis added) *See also Marrese v. American Academy of Orthopaedic Surgeons,* 470 U.S. 373, 105 S.Ct. 1327, 84 L.Ed.2d 274 (1985); *McDonald v. West Branch,* 466 U.S. 284, 104 S.Ct. 1799, 80 L.Ed.2d 302 (1984); *Kremer v. Chemical Construction Corp.,* 456 U.S. 461, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982). The *Byard* court states:

   *Spilman* was decided by the Sixth Circuit before the developments in the law of full faith and credit signaled by the Supreme Court in *Kremer, Migra, McDonald* and *Marrese.*  In the opinion of this writer, were the Sixth Circuit to now consider the issues presented in *Spilman,* the court would approach the collateral estoppel issue differently. *Marrese,* the most recent Supreme Court case addressing § 1738, illustrates how federal courts must determine the preclusive effect of state court judgments. *In re Byard,* 47 B.R. 700, 705 (Bankr.M.D. Tenn.1985).

2.07   The *Marrese* test requires a federal court to first decide whether a state court judgment presented to it would be granted preclusive effect under the laws of the state which rendered the judgment and second, if the state involved *would* grant preclusive effect to its own judgment, determine whether any federal statute or policy requires that the judgment not be given preclusive effect due to a partial repealer of 28 U.S.C. § 1738 (the "full faith and credit act"). *Marrese v. American Academy of Orthopedic Surgeons,* 470 U.S. 373, 105 S.Ct. 1327, 84 L.Ed.2d 274 (1985).

2.08   This approach is precisely the analysis that was used by the Fifth Circuit in *Matter of Shuler* except that the court there applied the federal rather than the state test for res judicata.  The argument that the full faith and credit statute *required* that the issue preclusive effect of state court judgments in federal courts be determined by the substantive state test for res judicata or collateral estoppel was not raised in *Brown v. Felsen* or in *Spilman v. Harley* but was raised in *Matter of Shuler.*  After determining whether collat-

eral estoppel might apply, the *Shuler* Court noted that there was a federal statute, the Bankruptcy Code, which granted exclusive jurisdiction over dischargeability questions to the federal bankruptcy courts. The Court stated:

[W]here, as in bankruptcy, the res judicata *or collateral estoppel* effect of state court judgments has been limited by competing federal interests, see *Brown v. Felsen* (citations omitted), the full faith and credit owing to the state court judgment may be correspondingly limited. *Matter of Shuler,* 722 F.2d 1253, 1258, footnote 10 (5th Cir.1984) (emphasis added).

2.09   This court agrees with the *Byard* court that in light of recent Supreme Court decisions, the state test for issue preclusion should be applied in the first part of the *Marrese* analysis.

2.10   In working through the second part of the *Marrese* analysis, the *Byard* court found

"In the opinion of this court, there is nothing in the Bankruptcy code or Congressional statements of intent in the enactment of § 523 indicating that [state court judgments that meet the issue preclusion test of their state but do not meet the federal issue preclusion test, such as default judgments in Minnesota] cannot [be granted preclusive effect]. . . .   The implied repealer of § 1738 in bankruptcy proceedings recognized by the Supreme Court in *Brown* and acknowledged by the Supreme Court in *Marrese* was restricted by the Supreme Court in *Brown* to *claim* preclusion. Since the decision in *Brown,* the implied repealer exception to § 1738 has been very narrowly construed by the Supreme Court. *See,* e.g., *Kremer,* 456 U.S. at 468–469, 102 S.Ct. at 1890–1891." *In re Byard,* supra.

This may slightly overstate the case since the *Brown* court did not focus on the issue of 28 U.S.C. § 1738 and did not affirmatively restrict the implied repealer thereof to claim preclusion, but merely declined to extend such implied repealer to issue preclusion since the question of issue preclusion was not before the *Brown* court.

2.11   This Court is bound by Fifth Circuit precedent in the *Shuler* case which did reach the question of issue preclusion and the possible conflict between (i) the full faith and credit act, 28 U.S.C. § 1738, which would seem to favor application of issue preclusion and (ii) the grant of exclusive bankruptcy court jurisdiction over dischargeability issues granted by 28 U.S.C. § 1334(a), which would seem to disfavor the issue preclusive effect of a state court judgment on a federal bankruptcy court. Although the *Shuler* court recognized the problem, it provided little guidance for where the line should be drawn, i.e., when issue preclusion should apply. This opinion will return later to a discussion of the extent to which issue preclusion should apply in a dischargeabilty suit.

In our analysis we turn first to application of the first part of the *Marrese* test: deciding whether Texas courts would grant issue preclusive effect to the judgment before the court.

### III.   *Elements of Issue Preclusion*

3.01   The Texas Supreme Court has had several occasions through the years to define the elements of issue preclusion. Recently the Texas Supreme Court has stated

". . . issue preclusion . . . precludes re-litigation of identical issues of facts or law that were actually litigated and essential to the judgment in a prior suit. Once an actually litigated and essential issue is determined, that issue is conclusive in a subsequent action between the same parties." *Van Dyke v. Boswell, O'Toole, Davis & Pickering,* 697 S.W.2d 381 (Tex. 1985), citing *Boniwell v. Beech Aircraft Corp.,* 663 S.W.2d 816 (1984), *Wilhite v. Adams,* 640 S.W.2d 875 (Tex.1982) and *Restatement (Second) of Judgments* § 27 (1982).

In *Wilhite v. Adams* the test is expressed as "essential issues of fact determined and adjudged by a court of competent jurisdiction are binding in a subsequent action between the same parties and those who stand in privity with them." *Wilhite v. Adams,* 640 S.W.2d 875 (Tex.1982).   An earlier case states that issue preclusion

"bars relitigation in a subsequent action upon a different cause of action of fact issues actually litigated and essential to a prior judgment." *Benson v. Wanda Petroleum Company,* 468 S.W.2d 361 (Tex. 1971). Thus it can be seen that the Texas test for issue preclusion is essentially the same as the federal test. Having determined the elements of the test to be applied to determine whether issue preclusion is appropriate, we move on to apply those elements to the facts of this case.

3.02   Are the issues to be determined in the dischargeability Adversary Proceeding identical to those proved in the state court action?   In this Adversary Proceeding Plaintiffs urge that Defendants' debt to them is non-dischargeable under 11 U.S.C. § 523(a)(2)(A) or 11 U.S.C. § 523(a)(6).

11 U.S.C. § 523(a)(2)(A) provides in pertinent part:

> A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—
>
> (2) for money ... obtained by—
>
> (A) false pretenses, a false representation or actual fraud....

11 U.S.C. § 523(a)(6) provides in pertinent part:

> A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—
>
> (6) for willful and malicious injury by the debtor to another entity or to the property of another entity.

Among the findings of the Court in the Judgment Nihil Dicit, rendered in Cause No. 388,917 by Judge Dellana of the 201st District Court of Travis County, Texas are the following:

(i) that the representations of Defendant and Defendant's business associate, David Rodriguez, as to the character, quality, condition and circumstances of the property were false and were knowingly made to Plaintiffs with the intent of fraudulently inducing Plaintiffs into the sale and purchase of the real property.

(ii) that the property in question was burdened with judgment and tax liens that were not disclosed to Plaintiffs.

(iii) that the Plaintiffs relied upon the misrepresentations of Defendant.

(iv) that the acts of Defendant were knowingly false and knowingly misleading.

(v) that the acts of Defendant were unconscionable within the meaning of the Texas Deceptive Trade Practices Act; and

(vi) that the acts of Defendant were wilful and with specific intent to fraudulently induce Plaintiffs into the sale and purchase of the property.

This Court finds that the issues are sufficiently similar to apply issue preclusion.

3.03   Were the issues actually litigated? Texas courts have held that an issue is "actually litigated" when an issue is properly raised, by the pleadings or otherwise, and is submitted for determination, and is determined. *Van Dyke v. Boswell, O'Toole, Davis & Pickering,* 697 S.W.2d 381 (Tex.1985) *citing Restatement (second) of Judgments (1982) Comment(d) to Section 27.* The Texas Supreme Court in *Van Dyke, supra* used almost identical language to a 1971 Fifth Circuit case which had held that "As a general rule, where a question of fact is put in issue by the pleadings, and is submitted to the jury or other trier of fact, and is determined, that question of fact has been "actually litigated." citing *Restatement of Judgments* § 68 comment (c) (1942). *James Talcott Inc. v. Allahabad Bank, Ltd.,* 444 F.2d 451 (1971). In the *James Talcott* case, *supra,* the question over whether a fact issue had been actually litigated arose after a full trial but was urged because the defendant who sought to litigate the issues believed that the particular fact issue had not been thoroughly focused upon by the court which had decided the issue. In the *Van Dyke* case, *supra,* the question of actual litigation arose as a result of a rather complicated procedural history of the case. A law firm had been fired by its client after trial but before judgment in a divorce suit. In the divorce case the law firm sued the client for fees. The client counter sued claiming malpractice (one week before the fee suit came on for trial). The trial court granted a motion for separate trials of the

two issues and proceeded to trial on the fees issue. A full trial was held and much testimony was taken on the malpractice issues. The jury awarded fees. Before time to try the malpractice suit arrived, the law firm moved for summary judgment on the malpractice issue claiming issue preclusion from the earlier suit. Summary judgment was granted on grounds of issue preclusion. The court of appeals affirmed. The Texas Supreme Court reversed because of the unusual procedural posture of the grant of separate trials but in its opinion it restated the definition for "actually litigated" as "when an issue is properly raised, by the pleadings or otherwise, and is submitted for determination and is determined." Van Dyke, *supra* at 384.

■ The case at bar is factually distinct from both the cases described above in that the question of actual litigation in those cases arose because, although there had been a full blown trial, there was some question whether the fact at issue had actually been determined. In the case at bar, the question of "actual litigation" arises because the only trial was a presentation of the evidence of one side, after the defendant in the suit (the Debtor herein) had failed to appear. Since there had been discovery on both sides and even an announcement of "ready" by both sides at docket call, this is not a classic case of a default judgment which is generally not given issue preclusive effect. The concern does arise, however, under the Texas formulation for "actually litigated" whether the issue in question has been "submitted for determination". This court has considered (i) the plain language of the formulation for "actually litigated", (ii) the policy of full faith and credit set out in 28 U.S.C. § 1738, (iii) the policies that underlie the principle of claim preclusion: finality of judgments, judicial economy, an end to litigation and, (iv) the principle of due process as embodied in 11 U.S.C. § 102 that issues may be determined after notice and *opportunity for a hearing* rather than an actual hearing in every case. Considering all of the above and the fact that Mr. Stowell

was given ample opportunity for a hearing in the state court suit and that the plaintiffs therein are entitled to rely on a judgment where the issues were "raised by the pleadings ... submitted for determination and ... determined", this court finds that the issues in the case at bar were "actually litigated" for purposes of applying the test for issue preclusion.

3.04 The final test is whether the issues on which preclusion is sought were essential to the judgment. All of the findings enumerated above in paragraph 3.03 were essential to the state court judgment in a DTPA claim seeking treble damages.

3.05 The state court made one further finding which was not necessary to the judgment in that issues tried in a state court in a civil suit need only be proved by a preponderance of the credible evidence 35 TEX.JUR.3d *Evidence* § 105 footnote 61 and cases cited therein (1984). That finding is that

the foregoing facts as well as all other facts in support of the judgment herein have been established by Plaintiffs not merely by a preponderance of the evidence but by clear and convincing evidence. Judgment Nihil Dicit entered pursuant to Judgment of Judge Dellana signed December 17, 1987 at page 8.

The question of whether the standard of proof in § 523 actions is "by clear and convincing evidence" or by a mere "preponderance of the evidence" has been a matter of concern for this Court for some time. Many courts hold that the higher standard applies.[1] Other courts have recently held in well reasoned opinions, convincing to this Court that a preponderance standard of proof is appropriate and that the requirement of some courts for "clear and convincing evidence" is unwarranted judicial gloss. See e.g. *In re Watkins*, 90 B.R. 848 (Bankr.E.D.Mich.1988); *In re Dubian*, 77 B.R. 332 (Bankr.D.Mass.1987).

Courts have often used loose language in describing the standard of proof they require. See 37 Am.Jr.2d, Fraud and Deceit § 468 which states that many authorities

1. See Appendix A attached.

approve the view that fraud may be proved in a civil case by a preponderance of the evidence but that other courts use phrases such as "clear and satisfactory", "clear and convincing," "clear, satisfactory and convincing" and "clear, precise and indubitable." In all, thirty-four variations of the clear and convincing "standard" are listed. As pointed out by the editors of AM JUR:

> The variety in the various expressions above noted which purport to state the degree of proof necessary to establish fraud renders them far from satisfactory in establishing any workable rule. Moreover, the use of such expressions is subject to the criticism that it creates a departure from the general rule above stated that the issues in civil cases are determined according to the preponderance of the evidence.[2]

Most courts have applied the standard of proof they have chosen with very little analysis or discussion. Bankruptcy courts have applied the "clear and convincing" standard of proof fairly consistently, apparently based on the maxims:

> (1) "exceptions to discharge should be literally and strictly construed against the creditor and liberally in favor of the debtor." *Neal v. Clark*, 95 U.S. 704, 24 L.Ed. 586 (1878); 3 Collier on Bankruptcy, ¶ 523.05 (15th ed. 1988); and

> (2) "public policy underlying the Code favors a fresh start for the honest debtor." *In re Powell*, 88 B.R. 114, 118 (W.D.Tex.1988), citing *Maynard v. Elliott*, 283 U.S. 273, 277, 51 S.Ct. 390, 392, 75 L.Ed. 1028 (1931) and *Lines v. Frederick*, 400 U.S. 18, 19, 91 S.Ct. 113, 113–114, 27 L.Ed.2d 124 (1970).

However, as Judge Clark points out in *Powell*, "yet it is that very honesty which is called into question in dischargeability [§ 523] and discharge [§ 727] cases. The higher standard of proof tends to presume the very issue in question, namely the debtor's honesty." *In re Powell*, 88 B.R. 114 (Bankr.W.D.Tx.1988).

The question of the proper standard of proof in dischargeability cases is further muddied by the fact that many bankruptcy courts have found it convenient to avoid the question. When courts have decided in favor of the defendant/debtor they simply state that the plaintiff has failed to prove its case by even a preponderance of the evidence. When they have decided in favor of the plaintiff/creditor they say that the case was proved by clear and convincing evidence. See *In re Watkins*, 90 B.R. 848 (Bankr.E.D.Mich.1988) (footnote 7: "Most courts, I surmise, do what the Court in *In re Horldt*, 86 B.R. 823 (E.D.Pa.1988) did and 'punt.' They merely avoid the issue by saying that the plaintiff has failed to meet even the lower standard. Until now that is precisely what I have been able to do.").

One reason it has become more important to face this question squarely is the increasing frequency with which bankruptcy courts are asked to decide whether issue preclusion applies in dischargeability actions. Frequently a creditor will have already litigated an issue prior to bankruptcy and may be forced to re-litigate in a bankruptcy adversary proceeding.

Two Texas bankruptcy courts have recently faced this issue in three separate cases. In *In re Church* Judge Abramson held that the higher standard (clear and convincing) of proof required in a § 523(a)(2) case need not be fatal to issue preclusion based on a state court judgment in which the standard of proof had been "preponderance of the evidence" as long as the record produced for inspection by the bankruptcy judge was sufficient for the bankruptcy judge to independently determine that the evidence in the prior proceeding had actually been clear and convincing. *In re Church*, 69 B.R. 425 (Bankr.N.D.Tex. 1987). In *In re McDonald*, Judge Abramson was faced with a fully litigated state court jury verdict and judgment on a fraud question which the plaintiff urged precluded the bankruptcy court from re-litigating the issue in a § 523(a)(2)(A) case. He states that "In this situation, the Bankruptcy Court cannot employ a purely technical distinction between evidentiary standards

**2.** 37 Am.Jur.2d, Fraud and Deceit § 468, p. 645.

to undo a fully litigated judgment." *In re McDonald*, 73 B.R. 877 (Bankr.N.D.Tex. 1987). This case cannot actually be read as a criticism of the clear and convincing standard since elsewhere in the opinion, Judge Abramson finds "[A]n examination of the jury issues and answers ... demonstrates that there can be *no doubt* that the findings of the jury relating to the misrepresentations made by the conspirators satisfy the criterion for 'actual fraud' as that term is used in 11 U.S.C. § 523(a)(2)(A)." *In re McDonald*, supra, 881. In *In re Nix*, Judge McGuire was faced with a fully litigated state court jury verdict and judgment. He was asked to give issue preclusive effect to the judgment in a § 523(a)(6) dischargeability case even though the judgment was based on a preponderance of the evidence. Even though he found that the evidence in the case before him satisfied the standard set out in *In re Church* and *In re McDonald*, he notes that "various bankruptcy courts [and one Circuit Court] considering the burden of proof have concluded that in the absence of an express requirement in the state for a 'clear and convincing' standard, the burden of proof for a § 523(a)(6) claim is 'preponderance of the evidence.'" (citations omitted). *In re Nix*, 92 B.R. 164 (Bankr.N.D.Tex.1988).

■ In view of (i) the importance of the resolution of the question of the proper standard of proof in dischargeability and discharge cases (ii) the shaky analytical underpinnings of the "clear and convincing" standard, (iii) recent Supreme Court cases which have disavowed the "clear and convincing" standard in analogous statutory fraud cases, see e.g. *Herman & MacLean v. Huddleston*, 459 U.S. 375, 103 S.Ct. 683, 74 L.Ed.2d 548 (1983) and (iv) the persuasive criticism of this standard by some of our colleagues on the bench, see e.g. *In re Dubian*, 77 B.R. 332 (Bankr.D. Mass.1987); *In re Powell*, 88 B.R. 114 (Bankr.W.D.Tex.1988), *In re Watkins*, 90 B.R. 848 (Bankr.E.D.Mich.1988); we have determined to refuse to "punt" and now hold that the standard of proof required in a § 523(a)(2)(A) case *and* the standard of proof required in a § 523(a)(6) case is "preponderance of the evidence."

■ Therefore, although this Court is not bound by the state court's determination that the issues in the state court case were proved by clear and convincing evidence since that finding was not necessary to the judgment, this court finds that it is bound by issue preclusion as to the factual issues determined by that court because (i) the standard of proof in the state court case (preponderance) is the *same* as the standard of proof in a § 523(a)(2) and (6) action before the bankruptcy court, (ii) the Texas test for issue preclusion in this case has been met, and (iii) no policy concerns raised by Congress' grant of exclusive bankruptcy jurisdiction over dischargeability actions preclude this Court from granting the state court judgment issue preclusive effect.

## IV. Summary Judgment

■ 4.01 The issues which are determinative of this dischargeability Adversary Proceeding have been previously determined in a manner that makes the determination of those issues binding on this Court. The issues so determined are those enumerated in paragraph 3.02 of this Opinion.

4.02 The Court finds:

(a) The representations of Albert J. Stowell as to the character, quality, condition and circumstances of the house at 2208 Haskell Street, Austin, Texas were false and were knowingly made to Plaintiff with the intent of fraudulently inducing Plaintiffs into the purchase of the real property.

(b) The property in question was burdened with judgment and tax liens that were not disclosed to Plaintiffs.

(c) The Plaintiffs relied upon the misrepresentations of Mr. Stowell.

(d) The acts of Mr. Stowell were knowingly false and knowingly misleading.

(e) The acts of Mr. Stowell were unconscionable within the meaning of the Texas Deceptive Trade Practices Act.

(f) The acts of Mr. Stowell were willful and with specific intent to fraudulently in-

duce Plaintiffs into the sale and purchase of the property.

(g) No facts are shown of record to indicate any liability attaches to Sarah K. Stowell.

4.03 Because the above findings are determinative of Plaintiff's objection to dischargeability under 11 U.S.C. § 523(a)(2) and (6), summary judgment in favor of Plaintiffs in GRANTED as to Defendant Albert J. Stowell and is DENIED as to Sarah K. Stowell. The debt owed to Benito Cardenas and Maria Jesus Maldonado and represented by the judgment entered December 17, 1987 in Cause No. 388, 917 by the 201st District Court of Travis County is NOT DISCHARGED in this bankruptcy proceeding.

A separate Order of even date herewith will be entered in conformity with this Memorandum Opinion.

## APPENDIX A

*Cases which hold that a CLEAR AND CONVINCING evidence standard is appropriate in all § 523 actions:*

*In re Perea,* 89 B.R. 128 (Bankr.D.Colo. 1988)

*In re Martin,* 88 B.R. 319 (Bankr.D.Colo. 1988)

*In re Williams,* 85 B.R. 494 (Bankr.N.D.Ill. 1988)

*In re Burke,* 83 B.R. 716 (Bankr.D.N.D. 1988)

*Matter of Ayers,* 83 B.R. 83 (Bankr.M.D. Ga.1988)

*In re Picou,* 81 B.R. 152 (Bankr.S.D.Fla. 1988)

*Matter of Ethridge,* 80 B.R. 581 (Bankr.M. D.Ga.1987)

*In re Lesher,* 80 B.R. 121 (Bankr.E.D.Ark. 1987)

*In re Bossard,* 74 B.R. 730 (Bankr.N.D.N. Y.1987)

*In re Church,* 69 B.R. 425 (Bankr.N.D.Tex. 1987)

*In re Hefner,* 69 B.R. 257 (Bankr.N.D.Ala. 1986)

*In re Eberle,* 61 B.R. 638 (Bankr.D.Minn. 1985)

*Cases which hold that a PREPONDER-ANCE standard is appropriate in all § 523 actions:*

*In re Showalter,* 86 B.R. 877 (Bankr.W.D. Va.1988)

*In re Daboul,* 85 B.R. 197 (Bankr.D.Mass. 1988)

*In re Riso,* 74 B.R. 750 (Bankr.D.N.H.1987)

*In re Carr,* 49 B.R. 208 (Bankr.W.D.Ky. 1985)

*In re Baiata,* 12 B.R. 813 (Bankr.E.D.N.Y. 1981)

*Cases which hold that a CLEAR & CON-VINCING evidence standard is appropriate in § 523(a)(2) cases:*

*In re Phillips,* 804 F.2d 930 (6th Cir.1986)

*Knoxville Teachers Credit Union v. Parkey,* 790 F.2d 490 (6th Cir.1986)

*In re Black,* 787 F.2d 503 (10th Cir.1986)

*In re Hunter,* 780 F.2d 1577 (11th Cir.1986)

*In re Bogstad,* 779 F.2d 370 (7th Cir.1985)

*In re Martin,* 761 F.2d 1163 (6th Cir.1985)

*Brown v. Buchanan,* 419 F.Supp. 199 (D.C. E.D.Va.1975)

*In re Paolino,* 89 B.R. 453 (Bankr.E.D.Pa. 1988)

*In re Ross,* 88 B.R. 805 (Bankr.S.D.Ohio 1988)

*In re Garcia,* 88 B.R. 695 (Bankr.E.D.Pa. 1988)

*In re Stivers,* 84 B.R. 852 (Bankr.S.C.Fla. 1988)

*In re Drayman,* 77 B.R. 773 (Bankr.C.D. Cal.1987)

*In re Buck,* 75 B.R. 417 (Bankr.N.D.Cal. 1987)

*In re Howard,* 73 B.R. 694 (Bankr.N.D.Ind. 1987)

*In re Mills,* 73 B.R. 168 (Bankr.D.Colo. 1986)

*Matter of Everman,* 72 B.R. 687 (Bankr.M. D.Fla.1987)

*In re Roeder,* 61 B.R. 179 (Bankr.W.D.Ky. 1986)

*In re D'Annolfo,* 54 B.R. 887 (Bankr.Mass. 1985)

*In re Thomas,* 54 B.R. 287 (Bankr.Hawaii 1985)

*In re Self,* 51 B.R. 686 (Bankr.Miss.1985)

*In re Kirst,* 37 B.R. 275 (Bankr.E.D.Wis. 1983)

*In re Toscano,* 23 B.R. 736 (Bankr.D.Mass. 1982)

*In re Aldrich,* 16 B.R. 825 (Bankr.W.D.Ky. 1982)

*In re Trewyn,* 12 B.R. 543 (Bankr.W.D. Wis.1981)

*In re Huff,* 1 B.R. 354 (Bankr.D.Utah 1979)

*In re Jones,* 3 B.R. 410 (Bankr.W.D.Va. 1980)

*In re Barlick,* 1 B.R.Ct. Dec (CRR) 412 (Bankr.D.R.I.1974)

*Cases which hold that PREPONDER-ANCE standard is appropriate in § 523(a)(2) cases:*

None except those listed above which hold PREPONDERANCE is the appropriate standard in all § 523 actions, and one early case which holds that the appropriate standard is "by a fair preponderance of the evidence and under some circumstances by clear and convincing proof." *In re Weiler,* 1 B.R.Ct. Dec. (CRR) 1521 (Bankr.S.D.N.Y. 1975).

*Cases which hold that a CLEAR & CON-VINCING evidence standard is appropriate in § 523(a)(6) cases:*

*Sweet v. Ritter Finance Co.,* 263 F.Supp. 540 (W.D.Va.1967)

*In re Cobley,* 89 B.R. 446 (Bankr.E.D.Pa. 1988)

*In re Moore,* 87 B.R. 499 (Bankr.S.D.Ohio 1988)

*In re Cerar,* 84 B.R. 524 (Bankr.C.D.Ill. 1988)

*In re Hallahan,* 78 B.R. 547 (Bankr.C.D.Ill. 1987)

*American Honda Finance Corp. v. Loder,* 77 B.R. 213 (Bankr.N.D.Iowa 1987)

*In re Peoni,* 67 B.R. 288 (Bankr.S.D.Ind. 1986)

*In re Holtz,* 62 B.R. 782 (Bankr.N.D.Iowa 1986)

*In re Alexander,* 58 B.R. 160 (Bankr.W.D. Wis.1984)

*In re Wintrow,* 57 B.R. 695 (Bankr.S.D. Ohio 1986)

*In re Kaufmann,* 57 B.R. 644 (Bankr.E.D. Wis.1986)

*In re Branch,* 54 B.R. 211 (Bankr.D.Colo. 1985)

*In re Egan,* 52 B.R. 501 (Bankr.D.Minn. 1985)

*In re Contento,* 37 B.R. 853 (Bankr.S.D.N. Y.1984)

*In re Capparelli,* 33 B.R. 360 (Bankr.S.D. N.Y.1983)

*In re Bothwell,* 32 B.R. 617 (Bankr.N.D. Iowa 1983)

*In re Irvin,* 31 B.R. 251 (Bankr.D.Colo. 1983)

*In re DeRosa,* 20 B.R. 307 (Bankr.S.D.N.Y. 1982)

*In re Grainger,* 20 B.R. 7 (Bankr.D.S.C. 1981)

*Cases which hold that a PREPONDER-ANCE standard is appropriate in § 523(a)(6) cases:*

*Combs v. Richardson,* 838 F.2d 112 (4th Cir.1988)

*In re Shepherd,* 56 B.R. 218 (W.D.Va.1985)

*In re Dubian,* 77 B.R. 332, 16 B.C.D. 428, 17 C.B.C.2d 516 (Bankr.D.Mass.1987)

*In re Clark,* 50 B.R. 122 (Bankr.D.N.D. 1985)

*In re Boren,* 47 B.R. 293, 295, n. 8 (Bankr. W.D.Ky.1985)

*In re Stephens,* 26 B.R. 389 (Bankr.W.D. Ky.1983)

*In re Tanner,* 17 B.R. 201 (Bankr.W.D.Ky. 1982)

*In re Baiata,* 12 B.R. 813, 817 (Bankr.E.D. N.Y.1981)