**In re Gerald F. BROOKS, Debtor.**

**James KOMA and Anne E. Koma, Plaintiffs,**

**v.**

**Gerald F. BROOKS, Defendant.**

**Bankruptcy Nos. 80–00140–BKC–TCB, 80–0054–BKC–TCB–A.**

United States Bankruptcy Court, S. D. Florida.

May 9, 1980.

Gregory B. Dickenson, Palm Beach, Fla.

V. Craig McCaghren, West Palm Beach, Fla.

## FINDINGS AND CONCLUSIONS

THOMAS C. BRITTON, Bankruptcy Judge.

The plaintiffs seek a determination that a debt of $2,500 claimed to be owing to them by the debtor is not dischargeable under the provisions of 11 U.S.C. § 523(a)(2)(A). (C.P. No. 1) The debtor has answered denying his personal liability on the debt, and further denying any intent to defraud plaintiffs. (C.P. No. 4) The allegations relating to the contract of March 15, 1979 have already been dismissed. (C.P. No. 6) Only the allegation relating to the note of September 30, 1979 remains actionable here. The matter was tried on May 7, 1980.

▮ The facts are relatively simple. On March 15, 1979 the debtor, acting in his capacity as president of Brooks Home Improvement, Inc. entered into a contract to construct an addition to the plaintiffs' house at a total cost of $10,000. In accordance with the terms of the contract, plaintiffs paid a $2,500 deposit. The corporation subsequently defaulted and failed to perform under the contract. Plaintiffs filed suit against the corporation and the debtor, individually. In settlement of the pending dispute, the debtor signed a promissory note on September 30, 1979 promising to pay $2,500 to the plaintiffs within 60 days. The note was signed "Gerald F. Brooks, Pres.". (Plaintiffs' Exhibit No. 1).

The debtor argues that only his corporation is liable on this note. I disagree. There is nothing on the face of this note, other than the abbreviation for president to negative the debtor's personal liability. Under these circumstances, the corporation is not liable and the debtor is. *Savannah, Florida & W. R. Co. v. Clark*, 1887, 23 Fla. 308, 2 So. 667; cf. *Ballas v. Lake Weir Light & Water Co.*, 1930, 100 Fla. 913, 130 So. 421; 8 *Fla.Jur.2d*, Business Relationships, § 243. If parol evidence is properly considered to determine the parties' intent in this instance, and I doubt it, I find that the debtor intended to obligate only his corporation, but that the creditor intended to obligate only the debtor.

Plaintiffs claim that there was no intention to pay the amount of the note at the time it was given and that this constitutes a basis for holding the $2,500 to be nondischargeable pursuant to § 523(a)(2)(A). I cannot agree for the following reasons.

Section 523(a)(2)(A) excepts from discharge any debt:

"(2) for obtaining money, property, services or an extension, renewal, or refinance of credit, by

(A) false pretenses, a false representation, or actual fraud."

▮ The false representation alleged in this instance is the debtor's implied representation that the note would be paid. I recognize that in this context a representation may be implied, rather than expressed. *Collier on Bankruptcy* (14th ed.) ¶ 17.16[3] n. 22. However, it must be made knowingly and fraudulently by the debtor. Plaintiff has failed to prove that the implied representation was known by the debtor to be false. I believe the debtor's testimony that he expected to pay the $2,500 note from accounts owing and payable to the debtor's corporation. He did receive these funds, but diverted them to the payment of attorney's fees and other purposes. The debtor's subsequent conduct is irrelevant in this action. *Collier on Bankruptcy* (15th ed.) ¶ 523.08[4] n. 16.

▮ By giving this note, the debtor disposed of plaintiffs' State court action against the debtor's corporation on plaintiffs' contract with the corporation. That action had already been filed, but not yet served. The debtor did receive "property" by delivering his note.

In short, debtor's implied representation was not falsely made, and for that reason it does not fall within the provisions of § 523(a)(2)(A). The debt is dischargeable.

As is required by B.R. 921(a) a separate judgment will be entered dismissing the complaint. Costs, if any, will be taxed on motion.