In the Matter of Thomas Wesley GARTHE and Kathleen Grace Garthe, Debtor.

CITIBANK (SOUTH DAKOTA), N.A., Plaintiff,

v.

Thomas Wesley GARTHE and Kathleen Grace Garthe, Defendant.

Bankruptcy No. 84–1899.
Adv. No. 84–507.

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Feb. 13, 1986.

Neil C. Spector, Tampa, Fla., for plaintiff.

Eddy R. Resnick, Tampa, Fla., for defendant.

## ORDER ON MOTION FOR SUMMARY JUDGMENT

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 case and the matter under consideration is a Motion for Summa-ry Judgment filed by Citibank in the above-styled adversary proceeding. It is the contention of the Citibank that there are no genuine issues of material fact and that Citibank is entitled to a judgment as a matter of law. Citibank's claim is based on the proposition that the sum of $6,267.58, admittedly due and owing by the Defendants, Thomas and Kathleen Garthe (Debtors), represents an obligation resulting from obtaining credit card privileges through false pretenses, therefore, it is non-dischargeable by virtue of § 523(a)(2)(A) of the Bankruptcy Code. The Court considered the record and finds that the undisputed facts which are relevant to the resolution of the controversy are as follows:

On March 26, 1984 Mr. Garthe submitted an application to Citibank for a "Citibank Visa Preferred Charge Card". On his application Mr. Garthe stated his annual income to be $58,039.79. Based on the application, Citibank issued a Visa credit card to Mr. and Mrs. Garthe with a $5,000 credit limit. Between May 3, 1984 and June 7, 1984 the Debtors, by utilizing Citibank's Visa credit card, obtained a cash advance of $3,000 and purchased goods or services in the amount of $1,127.82. From June 15, 1984 through July 9, 1984, the Debtors made additional purchases by utilizing Citibank's Visa credit card in the amount of $1,831.33 and through July 18, 1984 made purchases in the amount of $90.14, incurring a total debt to Citibank in a two month period in the amount of $6,267.58 or $1,267.58 in excess of the stated credit limit of the Visa card. On August 22, 1984 the Debtors filed their Petition for Relief.

As stated, the claim of non-dischargeability is based on § 523(a)(2)(A) of the Bankruptcy Code which in pertinent part provides as follows:

### § 523(a) Exception to Discharge

(a) a discharge under § 727, 1141 or 1328(b) of this title does not discharge an individual debtor from any debt ...

(2) for obtaining money, property, services, or an extension renewal or refinance of credit, by. . . .

(A) false pretenses, a false representation, or actual fraud. . . .

In order to sustain a claim of non-dischargeability under § 523(a)(2)(A), it is the burden of the Plaintiff to establish the following with the requisite degree of proof:

(1) the debtor made representations which

(2) that at the time they were made were false and he knew they were false

(3) that he made them with the intention and purpose of deceiving the creditor

(4) that the creditor relied on such representations and

(5) that the creditor sustained loss and damage as the proximate result of the false representations made by the Debtor.

*Newmark v. National Bank of North America (In re Newmark)*, 20 B.R. 842, 853–54 (Bankr.E.D.N.Y.1982). See also *Public Finance Corp. v. Taylor (In re Taylor)*, 514 F.2d 1370, 1373 (9th Cir.1975); *Sweet v. Ritter Finance Co. (In re Sweet)*, 263 F.Supp. 540, 543 (W.D.Va.1967).

■ "False pretense" generally denotes a misrepresentation implied from purposeful conduct creating a false impression. *H.C. Prange Co. v. Schnore (In re Schnore)*, 13 B.R. 249 (Bankr.W.D.Wis. 1981). This Court finds that at the time Mr. Garthe applied to Citibank for a Visa card he had been unemployed for a period of three months and, therefore, his statement on the application that his annual income was $58,039.79 was clearly false because even when he was employed his annual salary was only $22,000 and not $58,039.79. While Mr. Garthe received an additional $38,000 during the previous year as a one time reimbursement for moving expenses, his annual income had never been even close to $58,000, as he stated on his application. Based on these facts, it is clear that the Debtor knew of the falsity of his statement of his earnings on the application for the Visa card.

■ Concerning the Debtor's intent to deceive, a more difficult issue is presented. To except a debt from discharge under § 523(a)(2)(A), the Debtor's conduct must be intentional, not merely reckless or negligent. *C.O.T.C.O. Gasoline, Inc. v. Jenes (In re Jenes)*, 18 B.R. 405 (Bankr.S.D.Fla. 1981). As a general rule, courts narrowly construe exceptions to discharge against the creditor and in favor of the Debtor. *Lines v. Frederick*, 400 U.S. 18, 91 S.Ct. 113, 27 L.Ed.2d 124 (1970); *Gleason v. Thaw*, 236 U.S. 558, 35 S.Ct. 287, 59 L.Ed. 717 (1915). Accordingly, the creditor bears the burden of demonstrating that the debt owed to him falls within one of the statutory exceptions. *Murphy Robinson Investment Co. v. Cross (In re Cross)*, 666 F.2d 873 (5th Cir.1982); *Beneficial Finance Co. of Michigan v. Lambert (In re Lambert)*, 21 B.R. 23 (Bankr.E.D.Mich. 1980). While intent may not be presumed, it may be inferred from the "totality of the circumstances". *In re Newmark, supra; In re Firestone*, 26 B.R. 706 (Bankr.S.D. Fla.1982). Considering the background of this Debtor, the gross discrepancy between the amount of earnings stated and the true amount, together with the totality of circumstances in this case, this Court finds that the Debtors signed the Citibank Visa application with the intent to deceive the Bank.

This leaves for consideration what role the Debtor's application for the Visa card played in the Bank's decision making process in issuing the card. This, in turn, directly relates to the element of reliance, which is an indispensable element to the Bank's claim of non-dischargeability under § 523(a)(2)(A). While it is not unlikely that the Bank would have granted to the Debtor the privilege of using the Visa card, it is obvious that had the Bank known the true and correct amount of the Debtor's annual income and the Debtor's employment status at the time he applied for the Visa card, the Bank certainly would not have extended the privilege of using the card with a credit limit of $5,000 which, in turn, enabled the Debtor to run up a debt shortly

before filing his bankruptcy petition, not only up to but in excess of the credit limit established by the Bank.

The fact that Citibank is seeking payment from the Debtor for purchases from the utilization of his Visa card made after the Debtor was again gainfully employed is not significant as the Debtor's material misrepresentation on the initial Visa application and the Bank's reliance on same is the basis for this Court's finding that the debt is non-dischargeable.

Based on the foregoing, this Court is satisfied that there are no genuine issues of material fact and that the Plaintiff is entitled to a judgment as a matter of law.

This leaves for consideration the claim of non-dischargeability asserted against Mrs. Garthe who is also named as Defendant in the Complaint. There is nothing in this record that Mrs. Garthe made any overt or indirect representations to the Plaintiff concerning her financial statement or her earnings and this record fails to support any claim of non-dischargeability against Mrs. Garthe. Based on the foregoing, the Complaint filed against her shall be dismissed with prejudice.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion for Summary Judgment filed by the Plaintiff, Citibank, be, and the same is hereby, granted. A separate final judgment will be entered in accordance with the foregoing.