In re H. David CHRISTIAN, Debtor.

TEXAS VENTURE PARTNERS, et
al., Plaintiffs,

v.

H. David CHRISTIAN, Defendant.

Bankruptcy No. 5–86–00532–C.
Adv. No. 89–5053.

United States Bankruptcy Court,
W.D. Texas,
San Antonio Division.

Dec. 27, 1989.

Gary J. Schroeder, Gonzales, Tex., for debtor.

B. Weldon Ponder, Jr., Goldston & Ponder, Austin, Tex., for plaintiffs.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

LEIF M. CLARK, Bankruptcy Judge.

CAME ON for trial the foregoing cause. Upon consideration thereof, the court finds and concludes as follows.

## JURISDICTION

This court has jurisdiction to enter a final order and judgment in this cause pursuant to 28 U.S.C. § 157(b), 11 U.S.C. § 523, and 28 U.S.C. § 1334(b).

## FINDINGS OF FACT

The court adopts as its findings of fact Special Issue Nos. 3, 4, 6, 9, and 15 of the Charge of the Court entered in Cause No. 378, 843, *Texas Venture Partners, et al. v. H.D.C. Ventures, Inc., et al.*, 98th Judicial District Court, Travis County, Texas (filed in the District Court of Travis County, Texas on June 12, 1987), together with all of the precatory instructions preceding and following the special issues (Plaintiffs' Exhibit 2). The court also adopts as part of its findings of fact the Final Judgment entered in the foregoing cause and filed of record in Volume 1732, Page 78 *et seq.* of the Judgment Records for Travis County, Texas (Plaintiffs' Exhibit 1), the Charge of the Court in the case filed of record on December 7, 1988, relating to attorneys' fees (Plaintiffs' Exhibit 4), and the Order of Remand entered by the U.S. District Court for the Western District of Texas in *In re Christian*, No. SA–86–CA–600 (W.D.Tex., Sept. 9, 1986) (Plaintiffs' Exhibit 7). These findings in turn support the following ultimate findings of fact:

1. H. David Christian, the defendant herein, made one or more misrepresentations to the plaintiffs in this case, either affirmatively or by remaining silent with regard to certain facts which he had a duty to disclose to the investor plaintiffs.

2. The defendant made these misrepresentations with the intention that the plaintiffs would make certain investments in the Gonzalez Oil Prospect.

3. The plaintiffs did in fact rely on these misrepresentations (both active and passive in kind).

4. As a result, the investors made their investments and suffered damages in the following amounts:

| | | |
|---|---|---|
| a. | Charles Milam | $160,971.76 |
| b. | Tommy Thompson | $193,167.20 |
| c. | Thomas Sandridge | $346,674.32 |
| d. | Buddy Dryden | $112,909.90 |
| e. | Carl A. "Hap" Feuerbacher, Jr. | $ 22,550.85 |
| f. | Texas Venture Partners | $300,622.42 |
| g. | Kuntz Investment Partners | $ 71,660.48 |

5. The plaintiffs incurred reasonable and necessary attorneys' fees of $272,-621.50 for legal services rendered in the preparation, pretrial and trial work in presenting and pursuing plaintiffs' claims against defendant in state court.

## CONCLUSIONS OF LAW

■ Under principles of collateral estoppel, it is appropriate to preclude a defendant in a dischargeability case arising under Section 523(a)(2)(A) from re-litigating the factual determinations made by a state court tribunal, to the extent that (1) the facts were actually litigated, (2) the facts were necessarily determined, and (3) the defendant here was also the defendant in the state court action. *See In re Stowell*, 102 B.R. 589 (Bankr.W.D.Tex.1989) and cases cited therein. The burden of proof in this dischargeability action is the same as it would be for the same type of action tried in state court. *In re Stowell* at 597. It is thus appropriate to give collateral estoppel effect to the jury findings made in Cause

No. 378,843, *Texas Venture Partners, et al. v. H.D.C. Ventures, Inc., et al.,* tried in the district court for Travis County, Texas. This is especially true in this case because the debtor, defendant in this case, initially sought to *remove* this case to the Bankruptcy Court but the U.S. District Court, under principles of *mandatory* abstention, remanded the case to state court for trial on the merits. Commented the district court in its decision:

> Although a bankruptcy court, as any court, is not bound to accord collateral estoppel to the prior State court proceedings, it is certainly empowered to do so. *Matter of Shuler,* 722 F.2d 1253 (5th Cir.1984). If the bankruptcy court can discern from the record the subsidiary facts which were actually litigated and necessarily decided in the State court, it can accord collateral estoppel effect. *Ibid.*

*In re Christian,* No. SA–86–CA–600, slip op. at 3 (W.D.Tex., Sept. 9, 1986) (Order of Remand).

■ The suit was ultimately tried in state court, where a jury found this debtor liable to the plaintiffs under principles of common law fraud. A liability arising from actual fraud, as determined by a state court of competent jurisdiction, will in the usual case not be dischargeable by a debtor's bankruptcy. *See In re Piercy,* 96 B.R. 953 (Bankr.W.D.Mo.1989).

The debtor contends that a mere failure to disclose certain facts is inadequate to satisfy the misrepresentation element of Section 523(a)(2)(A). According to the debtor, a duty to disclose arises only where there is a fiduciary or confidential relationship, not found by the state court jury in this case. The debtor adds that the jury findings are too general to find fraud with the sort of specificity that a bankruptcy court should require as a predicate to determining nondischargeability. He also notes that the jury findings do not indicate which of the long list of misrepresentations in fact led to its conclusion that fraud had been committed, nor are the misrepresentations tied by a causal link to the damages suffered by each of the plaintiffs. The debtor further contends that some of the alleged misrepresentations will not support a nondischargeability determination under the Bankruptcy Code.

The debtor also maintains that the jury failed to make findings to support the reliance element of an action for nondischargeability under Section 523(a)(2)(A), noting that creditors have the burden of proving *reasonable* reliance on their part. These creditors were sophisticated investors who had a duty to make inquiries to verify the debtor's purported misrepresentations, and so, according to the defendant, cannot maintain that their reliance was reasonable.

■ The debtor's arguments are not well taken. The jury's findings on Special Issue No. 4 alone support a finding of nondischargeability. The jury was instructed as follows:

> In connection with this Special Issue, you are instructed that a person commits FRAUD by his REPRESENTATION when he makes:
>
> 1. a representation of an existing or past material fact;
> 2. which is false;
> 3. which he knew was false at the time he made it;
> 4. the representation is made to an investor with the intent to induce the investor to invest in the Gonzalez Oil Prospect;
> 5. the investor acts in reliance on the representation by investing in the Gonzales Oil Prospect; and
> 6. such action was to the investor's detriment by incurring obligations and liabilities which would not have been incurred but for such representations.

Special Issue No. 4. These are the essential elements of actual fraud, liability for which is not dischargeable in bankruptcy, according to 11 U.S.C. § 523(a)(2)(A). *See Medved v. Novak (In re Novak),* 97 B.R. 47, 56 (Bankr.D.Kan.1987); *Cass v. Jones (In re Jones),* 50 B.R. 911, 921 (Bankr.N.D. Tex.1985). A jury's findings are presumed to have been made in accordance with the instructions associated with that finding.

*See Herrera v. Balmorhea Feeders, Inc.,* 539 S.W.2d 84, 87 (Tex.Civ.App.—El Paso 1976, writ ref'd n.r.e.). To the extent the defendant here believes they were not, it was incumbent on him to timely seek a new trial in that action, or to move for a judgment notwithstanding the verdict, or to appeal the decision. The defendant took none of these steps. He may not re-urge these contentions in this forum by way of a collateral attack on an otherwise valid state court judgment. *See Browning v. Navarro,* 887 F.2d 553, 562–63 (5th Cir.1989).

■ With regard to the debtor's contention concerning reasonable reliance, this court first off takes note of a growing number of recent decisions holding that reliance under section 523(a)(2)(A) need not be "reasonable." *See Thul v. Ophaug (In re Ophaug),* 827 F.2d 340, 343 (8th Cir. 1987) ("[W]e can only conclude that section 523(a)(2)(A) does not require a creditor to prove that his reliance on the debtor's fraudulent misrepresentations was reasonable."); *Kansas Nat'l Bank & Trust Co. v. Kroh (In re Kroh),* 88 B.R. 972, 984 (Bankr.W.D.Mo.1988) ("it is necessary only to find that there was, in fact, reliance, whether reasonable or unreasonable"); *Norwest Bank Des Moines, N.A. Card Serv. Div. v. Stewart (In re Stewart),* 91 B.R. 489, 495 (Bankr.S.D.Iowa, 1988) ("with respect to the element of reliance in a section 523(a)(2)(A) action, the creditor must prove reliance on the fraudulent representation ... but need not prove that the reliance was reasonable").

This court, while it agrees in principal with these recent decisions, need not reach the issue because the jury in the state court case found "reasonable" reliance, at least indirectly. The state court instructed the jury that "a fact is a material fact if it would likely affect the conduct of a *reasonable* investor with reference to his investment in the Gonzalez Oil Prospect." To find reasonable reliance, a jury takes into account the relative positions of the parties and their relative access to information material to their decisionmaking. *W.A.F.B. Fed. Credit Union v. Furimsky (In re Furimsky),* 40 B.R. 350, 355 (Bankr.D. Colo.1984); *FDIC v. Smigel (In re Smigel),* 90 B.R. 935, 937 (Bankr.N.D.Ill.1988). This jury was instructed that a failure to disclose could be actionable if "the other party is ignorant to the facts and questions [sic] and does not have *an equal opportunity* of discovering the truth." In short, the jury's finding incorporates a finding of *reasonable* reliance.[1]

■ The debtor also argues that the jury's finding of fraud was grounded on numerous *failures* to disclose information, as opposed to affirmative misrepresentations, and that, absent a showing of a confidential or fiduciary relationship, such failures will not support nondischargeability under the Bankruptcy Code. The debtor is incorrect.

The jury's instruction with regard to nondisclosure was broader than the debtor's characterization. Said the court:

You are further instructed that a mere failure to disclose information will not support a fraud action unless there was a duty to speak. There will be a duty to speak when (i) the [sic] confidential or fiduciary relationship exists between the parties or (ii) when the other party is ignorant to [sic] the facts and questions and does not have an equal opportunity of discovering the truth.

Special Issue No. 4. Thus, the jury did not have to find a fiduciary or confidential

---

**1.** One cannot seriously contend that part of the investment risk assumed by the investors was the chance that they were dealing with a crook. The defendant essentially argues that the investors who expected Mr. Christian to be candid were unreasonable in their reliance because they did not try to find out what Mr. Christian might not be telling them. The argument has the practical effect of imposing an *affirmative duty* on the investing public to avoid being defrauded. As a matter of jurisprudence, the law should serve larger societal purpose. While it is certainly desirable that the consuming and investing public be cautious, knowledgeable and diligent, it is even more important that the marketplace be ridded of con artists and flim flam schemes. The law with regard to fraud serves the latter purpose to a far greater degree than it does the former, and that is as it should be. Were it otherwise, the law itself would become a servant of the very fraud it is intended to discourage.

relationship in order to find fraud by way of a failure to disclose a material fact.

The weight of the case law supports the plaintiff's position that a failure to disclose can constitute a misrepresentation for non-dischargeability purposes even without a finding of a fiduciary or confidential relationship. *In re Van Horne,* 823 F.2d 1285 (8th Cir.1987); *In re Piccolomini,* 87 B.R. 385 (Bankr.W.D.Pa.1988); *In re Piercy,* 96 B.R. 953 (Bankr.W.D.Mo.1989); *In re Samford,* 39 B.R. 423 (Bankr.M.D.Tenn.1984); *In re Hunter,* 36 B.R. 28 (Bankr.D.N.D. 1983), *aff'd on other grounds,* 771 F.2d 1126 (8th Cir.1985); *In re Weinstein,* 31 B.R. 804 (Bankr.E.D.N.Y.1983); *In re Shacket,* 26 B.R. 930 (Bankr.E.D.Mich. 1983). The debtor's reliance on the contrary view expressed in the *Davison–Paxson* decision is not well-placed, in view of the substantial erosion of that precedent by subsequent Fifth Circuit decisions. *See Davison–Paxson Co. v. Caldwell,* 115 F.2d 189 (5th Cir.1940); *cf. In re Boydston,* 520 F.2d 1098, 1101 (5th Cir.1975); *In re Poteet,* 12 B.R. 565, 568 (Bankr.N.D.Tex. 1981); *see also* 3 *Collier on Bankruptcy,* ¶ 523.08 n. 20 (15th ed.1987) (criticizing *Davison–Paxson; but see In re Hunter,* 780 F.2d 1577 (11th Cir.1986); *In re Reder,* 60 B.R. 529 (Bankr.D.Minn.1986).

■ The record in this case indicates that the failure to disclose material facts on the part of Mr. Christian was part and parcel of an overall fraudulent scheme to induce first trust, then reliance, and ultimately investment, to the advantage of Messrs. Johnson and Christian, and the ultimate detriment of the investors. The jury found at the very least that the defendant knew that disclosure of the information withheld would have undermined the investments being solicited.[2] That finding is sufficient to satisfy federal common law

with regard to the misrepresentation element of actual fraud, for purposes of Section 523(a)(2)(A). *See In re Van Horne,* 823 F.2d 1285 (8th Cir.1987); *In re Novak,* 97 B.R. at 57; *In re Piercy,* 96 B.R. 953 (Bankr.W.D.Mo.1989).

■ Lastly, it is necessary to determine whether the attorneys' fees awarded to plaintiffs by the state court in its final judgment are nondischargeable under section 523(a)(2)(A). The state court awarded $272,621.50 for attorneys' fees and provided for adjustments if the case continued up the appellate ladder. *See* Final Judgment, pp. 12–13.

As stated in the seminal and often cited case of *Bell v. Bell (In re Bell),* 5 B.R. 653 (Bankr.W.D.Okla.1980), "[t]he new Code leaves undisturbed the principle that attorney fee dischargeability or nondischargeability must rise or fall with the primary debt." *Id.* at 655. Simply put, if the claims against the defendant in the present case are determined to be nondischargeable, the attorneys' fees are also nondischargeable. Courts faced with this same situation held that the award of attorneys' fees are nondischargeable under section 523(a)(2)(A) if the primary claim is nondischargeable. *E.g., Prudential–Bache Sec. v. Rechichi (In re Rechichi),* 105 B.R. 726, 729 (Bankr.S.D.Fla.1989); *Lawter Int'l Inc. v. Pryor,* 93 B.R. 517 (Bankr.S.D.Tex.1988); *see also Chambers v. Chambers (In re Chambers),* 36 B.R. 42, 46 (Bankr.W.D. Wis.1984) ("ancillary obligations . . . 'stand or fall [i.e., (are) dischargeable or nondischargeable] with the primary debt'") (quoting *In re Sposa,* 31 B.R. 307, 310 (Bankr.E. D.Va.1983)); *Builders Lumbers & Supply Co. v. Fasulo (In re Fasulo),* 25 B.R. 583, 585 (Bank.D.Conn.1982) (in determining that attorneys' fees were nondischarge-

---

2. The instruction to the jury in Special Issue No. 4 included this statement:
   You are instructed that a person may commit fraud if he intentionally conceals or fails to disclose a material fact to the investor and had the investor known of such fact, he would not have invested in the Gonzales Oil Prospect.
   The jury was then presented with a list of representations and failures to disclose. Based on a

review of those items, this court concludes that an affirmative finding of any one of those items is sufficient to sustain a finding of nondischargeability in this action, in part because the jury's affirmative answer to Special Issue No. 4 subsumes that portion of the instruction which confined fraud to the failure to disclose a *material* fact.

able, court held that "when, as here, it has been determined that certain debts are excepted from discharge, courts should provide full relief to creditors"); *Jennen v. Hunter (In re Hunter),* 771 F.2d 1126, 1131 (8th Cir.1985) ("if these charges [attorneys' fees] are ancillary to the $15,000 nondischargeable debt, Jennen [plaintiff] may be entitled to recover them ...").

Judgment will be entered in favor of plaintiffs and against the defendant determining that the claimed amounts indicated in Finding of Fact No. 4, *supra* are nondischargeable. In addition, judgment is entered in favor of plaintiffs and against the defendant determining that the amount awarded as attorneys' fees by the state court in its Final Judgment are also nondischargeable.

So ORDERED.