IN RE: Rocky Rene WHITE, Debtor.

Robbie White, Phyllis White, Individually and as Administrator for the Estate of Thelma Brownlee, Plaintiffs,

v.

Rocky René White, Defendant.

CASE NO. 14–65320–WLH
ADV. PROC. NO. 14–5331

United States Bankruptcy Court,
N.D. Georgia, Atlanta Division.

Signed April 15, 2016

Rocky Rene White, pro se.

Terrence Shannon, Terrence Shannon, P.C., Porterdale, GA, for Plaintiff.

Karen Scott Greene, Karen Scott Greene, PC, Lawrenceville, GA, for Debtor/Defendant.

### ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Wendy L. Hagenau, U.S. Bankruptcy Court Judge

This dischargeability dispute between brothers comes before the Court on Defendant's Motion for Summary Judgment ("Motion") [Docket No. 132]. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I), and the Court has jurisdiction over this proceeding under 28 U.S.C. §§ 157 and 1334.

### FACTS

Rocky White, the Debtor ("Defendant"), was involved in the design, manufacturing and marketing of a waste water treatment system going back as far as the 1990's. His brother Robbie White, one of the Plaintiffs, contends he was a partner with Rocky White in that project, even though Robbie White acknowledges there is no written partnership agreement. The Defendant borrowed money from Robbie White. Robbie and his wife, Phyllis White, took out a mortgage on their home in the approximate amount of $108,000, all or most of which was provided to Rocky White. Plaintiffs Robbie and Phyllis White contend the Defendant, promised them the intellectual property rights in the waste water treatment project in Georgia in return for this loan. On July 30, 2003, Robbie and Rocky White signed an agreement entitled "Acknowledgement of Debt Agreement" ("ADA"). In the ADA, Defendant acknowledged he borrowed $150,000 from Plaintiff Robbie White in September 2001 and owed $20,000 in interest. The ADA also included release language whereby Plaintiff Robbie White ostensibly released the Defendant from any claims regarding intellectual property and any claims against the business entities created to operate the waste water disposal business. The scope and enforceability of the release remains disputed by the parties. The parties agreed that the loan from Robbie White to Defendant was due and payable on or before January 2004. Defendant defaulted on the loan, and in April 2012 Plaintiff Robbie White filed a civil action in Gwinnett County State Court against the Defendant. When Defendant failed to answer, a default judgment was entered against the Defendant in favor of Plaintiff Robbie White for $142,074.72 plus $20,000 in interest for a total judgment of $162,074.72 ("Judgment").

Thelma Brownlee ("Brownlee") was Phyllis White's mother. In 1992, Brownlee provided the Defendant with approximately $95,000. The Plaintiffs contend the funds were an initial investment in the waste water project, while the Defendant contends the monies were a loan. In 2002, Defendant and Brownlee signed a document entitled "Unsecured Promissory Note" ("Brownlee Note"). Plaintiffs claim Brownlee was fraudulently induced into signing the Brownlee Note. Nevertheless, Defendant did not make the payments required under the Brownlee Note. Phyllis White, as administrator of the Estate of Thelma Brownlee, now makes a claim for the unpaid funds of $60,000 plus an interest in the business into which the waste water treatment project was ultimately placed.

Over the course of the operation of the waste water business, assets were transferred and ultimately the Defendant's interest in the business was transferred. Because Plaintiff Robbie White claims that the waste water project business was a partnership, he claims the Defendant embezzled assets of the partnership and that Plaintiff Robbie White is entitled to one-half of the value of all the assets transferred. Additionally, the intellectual property rights for the waste water treatment project in Georgia were transferred to a third party. Robbie and Phyllis White claim the transfer of intellectual property rights was wrongful.

Defendant filed his voluntary bankruptcy petition under Chapter 7 of the United States Bankruptcy Code on August 5, 2014. Robbie White and Phyllis White, individually and as administrator for the Estate of Thelma Brownlee, ("Plaintiffs") filed this adversary proceeding on October 20, 2014, seeking a denial of Defendant's discharge, a determination of the dischargeability of their claims, and to set aside certain fraudulent conveyances. The complaint is divided into three counts: Count I sets out objections to discharge under 11 U.S.C. §§ 727(a)(2)(A), (a)(3), (a)(4)(A) and (D), and (a)(5); Count II seeks a determination that all of the Plaintiffs' claims are non-dischargeable under 11 U.S.C. §§ 523(a)(2), (a)(4) and (a)(6); and Count III seeks to set aside the transfer of certain real property and shares of Defendant's business to third parties under state fraudulent transfer law.

On March 21, 2015, Defendant filed a motion seeking summary judgment on all claims in Plaintiffs' complaint. Following a status conference held on April 9, 2015, the Court denied the motion for summary judgment and directed Plaintiffs to amend the complaint to strike the fraudulent conveyance claims. Plaintiffs amended the complaint to dismiss Count III and to remove the request to set aside fraudulent transfers from the prayer for relief, leaving only the objections to discharge under Section 727 listed in Count I and the dischargeability determinations under Sections 523(a)(2), (a)(4) and (a)(6) listed in Count II. After further discovery, Defendant has now filed this motion for summary judgment. In this motion, Defendant states he is seeking summary judgment on all claims, but the substance of the motion seeks summary judgment only as to the following items:

(i) that the undisputed facts show there is no basis for the Plaintiffs to allege the debt arising under the ADA or the debt to Brownlee is non-dischargeable under 11 U.S.C. § 523(a)(2);

(ii) that the undisputed facts show there was no partnership agreement between Defendant and Plaintiff Robbie White and as such there could be no breach of a fiduciary duty as defined in 11 U.S.C. § 523(a)(4);

(iii) that the claim of the Estate of Thelma Brownlee is barred by the statute of limitations;

(iv) that Plaintiff Robbie White's claims related to the partnership and the intellectual property rights were waived pursuant to the terms of the ADA; and

(v) that the doctrine of *res judicata* prohibits the Plaintiffs from raising fraud as a basis for non-dischargeability.

*Procedural Posture*

As related above, only one of the Plaintiffs' claims has been liquidated, the Judgment. All other claims of the Plaintiffs remain unliquidated and disputed. Plaintiffs' Complaint seeks a determination that the Debtor is not entitled to a discharge under Section 727. If the Court finds, after trial, that the Defendant is not entitled to a discharge, then further litigation as to the dischargeability of a specific debt is unnecessary. If the Court grants the Debtor a discharge under Section 727, the Court would then need to decide in what forum Plaintiffs' unliquidated claims should be liquidated before determining their non-dischargeability. Since it is possible that the liquidation of the claims will take place in state court, the Court will refrain from ruling on any elements of the Motion that may ultimately be properly decided by the state court. Instead, the Court will limit its ruling here to issues related to Section 523.

### CONCLUSIONS OF LAW

*Summary Judgment*

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any materi-

al fact and that the moving party is entitled to a judgment as a matter of law". *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Fed.R.Civ.P. 56(c); Fed. R. Bankr. P. 7056(c). "The substantive law [applicable to the case] will identify which facts are material." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The party moving for summary judgment has the burden of proving there are no disputes as to any material facts. *Hairston v. Gainesville Sun Pub. Co.,* 9 F.3d 913, 918 (11th Cir. 1993). A factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505. The party moving for summary judgment has "the initial responsibility of informing the . . . court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits if any' which it believes demonstrate the absence of a genuine issue of material fact." *United States v. Four Parcels of Real Prop.,* 941 F.2d 1428, 1437 (11th Cir.1991) (*citing Celotex Corp.,* 477 U.S. at 323, 106 S.Ct. at 2553). What is required of the moving party, however, varies depending on whether the moving party has the ultimate burden of proof on the issue at trial.

When the nonmoving party has the burden of proof at trial, the moving party is not required to 'support its motion with affidavits or other similar material negating the opponent's claim' (cites omitted) in order to discharge this 'initial responsibility'. Instead, the moving party simply may 'show—that is, point out to the . . . court—that there is an absence of evidence to support the nonmoving party's case. (cites omitted). Alternatively, the moving party may support its motion for summary judgment

with affirmative evidence demonstrating that the nonmoving party will be unable to prove its case at trial.

*Four Parcels of Real Prop.*, 941 F.2d at 1437 (*citing Celotex*, 477 U.S. at 323–31, 106 S.Ct. at 2553–57).

Once this burden is met, the nonmoving party cannot merely rely on allegations or denials in its own pleadings. Fed.R.Civ.P. 56(e). Rather, the nonmoving party must present specific facts that demonstrate there is a genuine dispute over material facts. *Hairston*, 9 F.3d at 918. When reviewing a motion for summary judgment, a court must examine the evidence in the light most favorable to the nonmoving party and all reasonable doubts and inferences should be resolved in favor of the nonmoving party. *Id.*

■ Here, the burden is on the creditor seeking the exception to discharge to prove non-dischargeability by a preponderance of the evidence. *See Grogan v. Garner*, 498 U.S. 279, 287–88, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991); *see also Equitable Bank v. Miller (In re Miller)*, 39 F.3d 301, 304 (11th Cir.1994). Thus, Defendant need not submit affidavits, but must direct the Court to the portions of the record that support his position. Moreover, the respondent to a motion for summary judgment is required to respond to each of the movant's statement of material facts. Facts not specifically controverted are deemed admitted. BLR 7056–1(a)(2). Here, Plaintiffs responded to several of the Defendant's statement of undisputed facts as "irrelevant". Some of the Plaintiffs' answers were inconsistent (see Response to Statement Of Material Fact Nos, 4, 5 and 6).

*Dischargeability of Judgment under Section 523(a)(2)*

■ Defendant's Motion seeks summary judgment that the Judgment is dis-

chargeable under Section 523(a)(2). Robbie White alleges that Defendant obtained the loan from Plaintiff Robbie White under "false pretenses, by a false representation or actual fraud". Section 523(a)(2)(A) excepts from discharge "money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by ... false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition ..." 11 U.S.C. § 523(a)(2)(A). The traditional elements of common law fraud apply to Section 523(a)(2)(A) claims. *Wells Fargo Bank, N.A. v. Farmery (In re Farmery)*, 2014 WL 2986630, at *1 (Bankr.N.D.Ga. Apr. 11, 2014) (*citing Field v. Mans*, 516 U.S. 59, 70 n. 9, 116 S.Ct. 437, 133 L.Ed.2d 351 (1995)). "Thus, to except a debt from discharge under Section 523(a)(2)(A), a creditor must prove: (1) the debtor made a false representation to deceive the creditor, (2) the creditor relied on the misrepresentation, (3) the reliance was justified, and (4) the plaintiff sustained a loss as a result of the misrepresentation." *In re Farmery*, 2014 WL 2986630, at *1 (citations omitted). A claim for actual fraud is broader than a claim for false representation. *In re Alam*, 314 B.R. 834, 840 (Bankr.N.D.Ga.2004). Actual fraud "consists of any deceit, artifice, trick, or design involving direct and active operation of the mind, used to circumvent or cheat another . . . ." *Id.* (citations omitted).

■ Defendant has failed to demonstrate that the facts material to whether Robbie White's Judgment is non-dischargeable are undisputed, let alone insufficient to satisfy Section 523(a)(2). Plaintiff Robbie White alleges via verified complaint and affidavit he was fraudulently induced into making a loan to Defendant when Defendant never intended to repay the loan. He alleges very few pay-

ments were made on the ADA and that Defendant repeatedly assured him payment was forthcoming. Robbie White contends Defendant received significant cash, but refused to repay him. Enough facts are alleged, when reviewed in the light most favorable to Robbie White, to create an issue as to Defendant's intent. Therefore, summary judgment on Plaintiffs' Section 523(a)(2) claim regarding the Judgment is inappropriate.

*Dischargeability of Brownlee Claim under Section 523(a)(2)*

■ In the Motion, Defendant states, "Plaintiffs cannot prove that there was fraud involved in the making of ... the Brownlee Unsecured Promissory Note...." The Defendant states further that the agreement was entered into freely and voluntarily and that Ms. Brownlee had her attorney draft the Brownlee Note. The Defendant relies on Plaintiffs' Responses to Requests for Admissions and a copy of the Brownlee Note attached to the Motion. The Responses to the Requests for Admissions do not support Defendant's argument. Plaintiffs responded that they did not know who drafted the Brownlee Note. Moreover, there is no allegation in the Requests for Admissions that the Brownlee Note was freely entered into and therefore no admission of it.

Plaintiffs' allegation with respect to the Brownlee claim is that Ms. Brownlee was fraudulently induced to enter into the Brownlee Note. Defendant has not pointed the Court to any evidence in the record showing Plaintiffs will be unable to prove that claim, nor has Defendant provided an affidavit or other evidence to negate Plaintiffs' verified allegation of fraud. Taken in the light most favorable to the Plaintiffs, the undisputed facts do not establish Brownlee could not prove her claim to be non-dischargeable under Section 523(a)(2).

*Claims of Non–Dischargeability under Section 523(a)(4)*

■ Defendant also argues that Robbie White's unliquidated claims for fraud and embezzlement cannot be non-dischargeable under 11 U.S.C. § 523(a)(4) because no partnership existed, and therefore Defendant never acted in a fiduciary capacity. Robbie White admits no partnership agreement was signed, but alleges an implied partnership existed. Even accepting Robbie White's position, Defendant was not a fiduciary for purposes of Section 523(a)(4).

■ A fiduciary relationship under Section 523(a)(4) is to be construed narrowly. *Quaif v. Johnson,* 4 F.3d 950, 953 (11th Cir.1993) (citation omitted). "Section 523(a)(4) requires that the debtor, acting as a fiduciary in accordance with an express or technical trust that existed prior to the wrongful act, committed an act of fraud or defalcation." *Estate of Newton v. Lemmons (In re Lemmons),* 2005 WL 6487216, at *4 (Bankr.N.D.Ga. Dec. 20, 2005) (citation omitted). A technical trust has been defined by the Eleventh Circuit as "an express trust created by statute or contract that imposes trust-like duties on the defendant and that pre-exists the alleged defalcation," as opposed to constructive or resulting trusts. *Parker v. Ferland (In re Ferland),* 2010 WL 2600588, at *3 (Bankr.M.D.Ga. June 21, 2010) (citation omitted); *see also Guerra v. Fernandez–Rocha (In re Fernandez–Rocha),* 451 F.3d 813, 816 (11th Cir.2006). "Mere friendship does not meet this standard, nor does an ordinary business relationship." *In re Ferland,* 2010 WL 2600588, at *3 (citation omitted). Thus, a plaintiff must show that (i) the debtor held a fiduciary position *vis a vis* the plaintiff under a technical, express, or statutory trust; (ii) that the claim arose while the debtor was acting as a fiduciary; and (iii) that the claim is for

fraud or defalcation. *Gen, Ret. Sys. of the City of Detroit et al. v. Dixon (In re Dixon)*, 525 B.R. 827, 845 (Bankr.N.D.Ga. 2015).

Even assuming an implied partnership existed, such a partnership does not create an express or technical trust. There is no writing governing the parties' relationship. At most, Robbie White argues for a constructive or implied trust, neither of which is sufficient under Section 523(a)(4). Moreover, a written partnership relationship is not necessarily sufficient to establish a fiduciary relationship for purposes of Section 523(a)(4). *In re Ferland*, 2010 WL 2600588, at *3. Courts have found that although general partnerships create special relationships and that certain statutes impose fiduciary duties on general partners, case law clearly holds that general partnerships do not create an express or technical trust as required by Section 523(a)(4). *See Lowman v. Allen (In re Allen)*, 2013 WL 6199304, at *7–8 (Bankr.N.D.Ga. Nov. 25, 2013); *see also Blashke et al. v. Standard (In re Standard)*, 123 B.R. 444, 455 (Bankr.N.D.Ga. 1991); *Davis v. Conner (In re Conner)*, 2010 WL 1709168, at *4 (Bankr.M.D.Ga. Apr. 23, 2010).

Therefore, "in order for members of a partnership venture ... to owe fiduciary duties to one another within the meaning of [Section] 523(a)(4) ... additional facts establishing the existence of such an express or technical trust [would be] needed." *In re Allen*, 2013 WL 6199304, at *8. Robbie White has not put forth any evidence regarding the existence of a technical trust, electing instead to limit his Section 523(a)(4) argument to the possible existence of a constructive partnership between Plaintiff Robbie White and Defendant. Therefore, no disputed facts exist regarding the presence of a technical trust. Finding a fiduciary duty

within the meaning of Section 523(a)(4) simply because parties are members of a partnership "would essentially mean that all business partners are fiduciaries under this subsection and thereby improperly expand such provision beyond its intended scope." *Id.* Therefore, the Court holds that Defendant did not owe Robbie White a fiduciary duty within the meaning of Section 523(a)(4), and summary judgment in favor of Defendant is appropriate for claims requiring fiduciary capacity under 11 U.S.C. § 523(a)(4).

*Defense of Res Judicata*

Defendant claims the doctrine of *res judicata* applies to bar Plaintiffs from alleging their claims are non-dischargeable on account of fraud. Defendant argues that because Plaintiff Robbie White failed to allege fraud when he brought suit for the breach of the ADA he is estopped from raising it now. Courts, however, have uniformly held that *res judicata* does not apply to bar a dischargeability complaint where the issues were not actually raised in the prior litigation. *Brown v. Felsen*, 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979). Although a non-bankruptcy court can determine liability and damages, only a bankruptcy court can determine dischargeability. *Sterling Factors, Inc. v. Whelan*, 245 B.R. 698, 708 (N.D.Ga.2000). Therefore, the normal rules of *res judicata*, which bar the litigation of any claim which was or could have been raised in prior litigation, do not apply. A dischargeability claim could not have been raised in the state court and therefore cannot be barred by the failure to raise it, or any component of it, in other litigation. *Schepperley v. DePinna (In re DePinna)*, 450 B.R. 337, 356 (Bankr. D.Conn.2011); *Russell v. Piercy (In re Piercy)*, 96 B.R. 953, 953–59 (Bankr. W.D.Mo.1989).

In *Brown v. Felsen*, the United States Supreme Court rejected the argument that the bankruptcy court, in considering a dischargeability issue, was confined to the judgment issued in the state court and the record developed thereon. *Felsen*, 442 U.S. at 138–39, 99 S.Ct. 2205. Lower courts have relied upon this analysis to conclude that collateral estoppel or *res judicata* applies only if there has been an actual state court determination on the same issue as the material issue in the dischargeability determination. Failure to raise a claim of fraud in a breach of contract action is not the same as a determination that fraud does not exist in a dischargeability action. Therefore, *res judicata* cannot apply to prevent Plaintiff Robbie White from alleging his contract claim is non-dischargeable on the basis of fraud.

*Defenses of Waiver and Release and Statute of Limitations*

Defendant's affirmative defenses of waiver, release and statute of limitations all address the merits of unliquidated claims. As stated above, the Court will not address these affirmative defenses until the Court determines whether it or the state court will litigate the claims.

## CONCLUSION

Based on the foregoing, it is hereby

**ORDERED** that Defendant's Motion is **GRANTED** with respect to Defendant's position that he is not a fiduciary under 11 U.S.C. § 523(a)(4);

**ORDERED FURTHER** that Defendant's Motion is **DENIED** as to all other issues raised.

**IT IS ORDERED.**