In the Matter of Larry Jay BUSBY, Debtor.

Lynn ARCHIBALD and Ann Archibald, husband and wife, Plaintiffs,

v.

Larry J. BUSBY, Defendant.

Bankruptcy No. 81–0282.

United States Bankruptcy Court, D. Idaho.

Dec. 16, 1981.

---

**8.** $154,159.28

Gary L. Cooper, Racine, Hutley, Olson, Nye & Cooper, Chartered, Pocatello, Idaho, for plaintiffs.

Steven Wood, Pocatello, Idaho, for defendant.

## MEMORANDUM DECISION

M. S. YOUNG, Bankruptcy Judge.

Plaintiffs herein, Lynn and Ann Archibald, have brought this action seeking to have defendant's indebtedness to them held nondischargeable under 11 U.S.C. § 523. Prior to defendant's bankruptcy, plaintiff obtained a judgment in state court, which was entered following defendant's admission that all allegations of the plaintiffs' complaint, except those relating to the amount of damages, were true. The state court complaint alleged all of the elements of fraud and that defendant's acts were intentional, reckless and unlawful.

The matter is presently before this court upon plaintiffs' motion for summary judgment. Plaintiffs contend that the consent judgment is *res judicata* or that defendant is estopped from relitigating the issues there involved in the present action. Plaintiffs argue that by admitting the allegations of fraud and that it was intentional, the defendant is now barred under the doctrine of collateral estoppel from relitigating these factual issues and that therefore the elements of 11 U.S.C. §§ 523(a)(2)(A) and 523(a)(6) are proven.

The concept of *res judicata* is inapplicable under *Brown v. Felsen*, 422 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979). The doctrine of collateral estoppel, as applied to bankruptcy courts when hearing complaints to determine dischargeability of debts, has been considered by the Court of Appeals of the 9th Circuit on several occasions. In *In re Houtman*, 568 F.2d 651 (9th Cir. 1978), the court held that due to the fact that the Bankruptcy Act granted the Bankruptcy Court exclusive jurisdiction to determine questions of dischargeability, there was no room for application of the doctrine of collateral estoppel so as to bind the Bankruptcy Court in its determination. The court stated:

> "What is required is that the bankruptcy court consider all relevant evidence, including the state court proceedings, that is offered by the parties, or requested by the court, and on the basis of that evidence determine the nondischargeability of judgment debts which the creditors contend are described in section 17(a)(2), (4), and (8)."

By note, the court emphasized that to give estoppel effect to prior state court factual findings would impair the exercise of the expertise of the Bankruptcy Court and that the determination of dischargeability of debts should remain an exclusive function of the Bankruptcy Court. The court further held that a state court judgment based on fraud is sufficient to establish a *prima facia* case that it represents a debt nondischargeable under § 17(a)(2), but that the bankrupt is entitled to rebut this *prima facia* case.

Subsequent to the *Brown* decision, the 9th Circuit elaborated upon *In re Houtman* in *Lawrence T. Lasagna, Inc. v. Foster*, 609 F.2d 392 (9th Cir. 1979) repeating the rule that the state court judgment establishes a *prima facie* case of a debt nondischargeable in bankruptcy but that the bankrupt is entitled to refute that showing.

> "The bankruptcy court may consider all relevant evidence, including (but not limited to) state court proceedings, offered by the parties and requested by the court, and on the basis of the evidence determine dischargeability of the debt."

One case decided in this circuit allowed the use of the doctrine of collateral estoppel. In *Matter of Kasler*, 611 F.2d 308 (9th Cir. 1979), a contract dispute had been submitted to an arbitration panel of the World Court. The panel awarded the petitioning creditor $10,000.00 for libel and trade disparagement; this award was confirmed in a

California Superior Court. The creditor later filed a complaint to determine the dischargeability of a debt offering as evidence only the award of the arbitration panel and the judgment of the California court. Both the Bankruptcy Court and the District Court found there was no showing that the arbitration panel either made or required to be made any finding of willful or malicious conduct and that the evidence presented was thus insufficient to prove the debt nondischargeable. The Court of Appeals stated:

> "In an ordinary case, such prior decisions would not be res judicata or have collateral estoppel effect in a bankruptcy court, because bankruptcy courts have exclusive jurisdiction to determine dischargeability. [citing *Brown, supra*, and *In re Houtman, supra*] But if both parties rest their cases on the judgment in a prior proceeding, it is proper to treat it as correct. 568 F.2d at 654. Then the court will consider such facts as willfulness and malice to be established by collateral estoppel, but only if those facts were essential to the prior decision as a matter of law, and thus necessarily were determined to exist by the earlier tribunal."

The Bankruptcy Appellate Panel of the 9th Circuit has also considered this issue. *Seven Elves, Inc. v. Eskenazi*, 6 B.R. 366, 3 CBC2d 20 (1980), noted the above authority and stated that the "rule" uniformly applied in the 9th Circuit "would permit a bankruptcy court to entertain additional evidence on factual questions already answered by non-bankruptcy tribunals." While this statement makes sense in the context of the case there under consideration, it may well be an incomplete statement of the rule to be gleaned from the earlier 9th Circuit opinions. Under the 9th Circuit decisions, which bind this court, the Bankruptcy Court is more than "permitted" to hear additional evidence, it is required to grant the party opposing the collateral estoppel effect of the earlier judgment an opportunity to rebut any evidence shown by that earlier judgment, at least in those situations where both parties have not chosen to rest upon the determination of the earlier

court. Therefore, plaintiff's motion for summary judgment is denied and the matter will be set for trial on the merits.