**In re Thomas Wayne SHARP, Sumalee Sharp, Debtors.**

**Marie WATERS, Plaintiff,**

**v.**

**Thomas Wayne SHARP and Sumalee Sharp, Husband and Wife, Defendants.**

**Bankruptcy No. 87–02027.
Adv. No. 88–0271.**

United States Bankruptcy Court,
D. Idaho.

Oct. 2, 1990.

Michael McLaughlin, Mountain Home, Idaho, for plaintiff.

Gale M. Merrick, Marcus, Merrick & Montgomery, Boise, Idaho, for defendants/debtors.

## MEMORANDUM OF DECISION RE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

JIM D. PAPPAS, Bankruptcy Judge.

Plaintiff moves for a summary judgment in this adversary proceeding seeking a declaration that Defendants' obligation to her was incurred by fraud and is therefore nondischargeable under Section 523(a)(2). Prior to the filing of the bankruptcy, Plaintiff sued Defendants in state court alleging, among other theories, the fraud claim. Defendants denied the claims and asserted a counterclaim for damages arising out of the transaction. When the bankruptcy was filed, the state court action was stayed, and Plaintiff commenced the present action. However, concerned with its jurisdiction over the counterclaim, and as a convenient means to adjudicate the issues, this Court, with the consent of the parties, ordered that the state court action continue. In an Order entered November 7, 1989, the Court directed that the state court make specific findings with with respect to the Plaintiff's fraud claims.

After the remand, Defendants' state court counsel withdrew, and Defendants were unable to obtain other counsel, and did not timely appear in the action individually as directed by the court. Based upon their failure, and after a hearing[1], the state court entered a default judgment against Defendants for compensatory and

---

**1.** Defendant Mr. Sharp was at the default hearing, but was not allowed to participate in the presentation of evidence.

punitive damages.[2] The state court later refused to set aside the default on Defendants' request.

Plaintiff now urges that she is entitled to summary judgment in this dischargeability action based upon the state court default judgment. Defendants argue that they are entitled to a full trial on the merits of the fraud claim. The issue, as always in a summary judgment proceeding, is whether there remain any genuine issues of material fact, and whether Plaintiff is entitled to judgment as a matter of law. B.R. 7056 and F.R.C.P. 56(c).

## DISCUSSION

Plaintiff relies upon the state court record in support of her motion. At issue is the impact of the doctrines of res judicata and collateral estoppel respecting the state court proceedings.

■■ Most easily disposed of is the argument that the state court judgment has res judicata effect as to dischargeability of the Plaintiff's claims under Section 523(a)(2). Res judicata, known also in federal courts as claim preclusion, bars further claims by parties or their privies when the same cause of action has been previously litigated. However, the United States Supreme Court, in *Brown v. Felsen*, 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979), held that the doctrine is simply inapplicable in determinations of the dischargeability of debts in bankruptcy. Since the Bankruptcy Court has jurisdiction to determine such questions, 28 U.S.C. § 157(b)(1) and (b)(2)(A), the state court decision that the "judgment will not be dischargeable through any bankruptcy proceeding" is not binding.

■ The doctrine of collateral estoppel, on the other hand, speaks to issue preclusion, and treats as final those questions actually and necessarily decided in a prior suit. The applicability of this doctrine in the bankruptcy arena was left open by the Court in *Brown*. 442 U.S. at 139, n. 10, 99

S.Ct. at 2213, n. 10. This Court has recently discussed the application of the doctrine in a dischargeability action, albeit the basis of the creditor's claim was Section 523(a)(6). *See In re Jackson*, Case No. 89–00477–7 (Hagan, J.). As noted in *Jackson*, any discussion of the collateral estoppel issue in this Circuit must begin with *In re Houtman*, 568 F.2d 651 (9th Cir.1978). *Houtman* states:

The 1970 Amendments to the Bankruptcy Act imposed upon the bankruptcy courts the exclusive jurisdiction to determine dischargeability. As we read those Amendments *there is no room for the application of the technical doctrine of collateral estoppel in determining the nondischargeability of debts described in section 17(a)(2), (4), and (8) of the Bankruptcy Act.* This does not mean that the documents which officially enshrine the state court proceedings may not be considered by the bankruptcy judge as establishing the nondischargeability of a debt. What is required is that the bankruptcy court consider all relevant evidence, including the state court proceedings, that is offered by the parties, or requested by the court, and on the basis of that evidence determine the nondischargeability of judgment debts which the creditors contend are described in section 17(a)(2), (4), and (8).

*Id.* at 653–654. (emphasis added). The *Houtman* decision however contains an important, and perhaps contradictory, comment in a footnote:

We acknowledge that a grant of exclusive jurisdiction to federal courts does not automatically preclude the application of the doctrine of collateral estoppel. However, we believe that collateral estoppel is inappropriate when "a new determination is warranted ... by factors relating to the allocation of jurisdiction between [the two courts]."

*Id.* at 654, n. 2 (citations omitted).

Since *Houtman*, the application of the doctrine of collateral estoppel in this cir-

---

**2.** The state court judgment summarily states that the Defendants were "... found to have committed fraud in this matter, and this judg-

ment will not be dischargeable through any bankruptcy proceeding."

cuit, if appropriate at all, is extremely limited in actions under Code Section 523, the successor statute to Section 17(a) of the Bankruptcy Act.[3] The Bankruptcy Court is commanded to "consider all relevant evidence, including the state court proceedings" in making its dischargeability determination. While not automatically precluded, the doctrine need not apply where "jurisdictional factors" suggest otherwise. *Id.*

■ It can be argued that the kinds of "jurisdictional factors" referred to by the Ninth Circuit in the footnote to *Houtman* are present in this action. It is apparent from the record that this Court allowed the state court action to continue largely (if not solely) because it was concerned about the relationship of the Defendants' tort counterclaim to the Plaintiff's theories, and the jurisdiction of the Bankruptcy Court to hear the counterclaim. While obviously hindsight, it is doubtful that the matter would have been remanded to the state court, even with consent of the parties, had the issue been solely limited to Plaintiff's fraud claim, and had the counterclaim not been present.[4]

■ Even were there no policy or case law concerns as to application of collateral estoppel, the doctrine would not likely be available to Plaintiff under the circumstances of this case. One of the essential elements to applying the theory is that the issue in question must have been "actually litigated" in the prior suit. *Jackson,* Case No. 89–00477–7. In making its "actually litigated" determination, the Court should look at the entire record of the state court proceeding, not just the judgment. Russell, Bankruptcy Evidence Manual, § 9 (1990). The greater weight of case law generally holds that a default judgment does not bar relitigation of an issue since it was not actually litigated. *See, e.g., U.S. v. Gottheiner,* 703 F.2d 1136 (9th Cir.1983), citing *Spilman v. Harley,* 656 F.2d 224 (6th Cir.1981); *see also In re Daley,* 776 F.2d 834 (9th Cir.1985). "The phrase 'actually litigated' suggests that all parties to a dispute have been actively involved throughout the proceeding and have presented evidence and advocated their positions." *In re Dvorak,* 118 B.R. 619 (Bankr.N.D.Ill.1990). *See also,* Ferriell, The Preclusive Effect of State Court Decisions in Bankruptcy, 58 Am.Bankr.L.J. 349, 364 (1984).

■ In summary, then, at least some authorities claim *Houtman* absolutely prohibits application of collateral estoppel in dischargeability actions. However, even if the theory could properly be employed, in this action there are two reasons it is inappropriate. First, jurisdictional considerations now weigh in favor of a trial on the merits in Bankruptcy Court.[5] In addition, a fundamental element of the doctrine, the "actually litigated" requirement, has not

---

3. A debate rages over the effect of the language of *Houtman* quoted above. In *Jackson,* Judge Hagan opines that *Houtman* does not absolutely prohibit the application of collateral estoppel in dischargeability actions. Other courts have read *Houtman* to prohibit application of the doctrine. *See In re Stowell,* 102 B.R. 589 (Bankr.W.D.Tex.1989). Judge Young in *In re Busby,* 16 B.R. 234 (Bankr.D.Idaho 1981) would not apply the doctrine unless both parties have chosen to rest upon the determinations of the earlier court. The Ninth Circuit Bankruptcy Appellate Panel construes *Houtman* as stating that the door was left open as to application of the doctrine. *In re Tilbury,* 74 B.R. 73 (9th Cir.B.A.P.1987). However, a member of the B.A.P. criticizes *Tilbury. See* Russell, Bankruptcy Evidence Manual § 8 (1990) (*Tilbury* "totally ignored" the true holding of *Houtman* ).

4. The counterclaim is no longer a factor in this action, since regardless of the dischargeability aspects of the case, the state court's dismissal of the counterclaim is a final disposition of that claim which cannot be relitigated, in this or any other court.

5. The Court is aware, of course, that the exclusive grant of jurisdiction given to the Bankruptcy Courts by Section 17(c) of the old Bankruptcy Act was deleted from the Bankruptcy Code enacted in 1978. This was done, however, in light of the comprehensive grant of jurisdiction given to the Bankruptcy Courts at the same time in 28 U.S.C. § 1471(b), subsequently declared unconstitutional by the U.S. Supreme Court in *Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). However, as noted above, Congress again granted jurisdiction to the Bankruptcy Court to hear and decide the dischargeability cases in 28 U.S.C. § 157(b)(2)(I). *See* 3 L. King, Collier on Bankruptcy, ¶ 523.05 (15th ed. 1988).

been satisfied under the facts of this case. Collateral estoppel will therefore not apply and this Court is not bound by any "fraud" finding by the state court.[6]

Since Plaintiff is not entitled to summary judgment "as a matter of law", B.R. 7056, the motion will be denied by separate order. The state court record, including the judgment, will be relevant evidence to be considered by the Court in any further proceedings. The matter will proceed to trial.

6. Plaintiff suggests that this Court should allow the state court to enter more detailed findings of fact on the fraud claim in the event the motion for summary judgment is denied. Because the matter will now proceed to a full trial, however, there is no useful purpose to be served by such findings, and any evidence presented to the state court can be offered by Plaintiff to this Court at trial.